*Doolittle*, for plaintiffs.

*Starr*, for defendant.

———◦———

## Luther Haven vs. Solomon Hobbs.

The payor is bound by a note to which his signature is affixed by the nominal payee, at his request.

The discharge, by the mother of an illegitimate child, of a prosecution instituted by her, under the statute, is a good consideration for a note executed by the father in settlement thereof.

A receipt, executed by the nominal payee of a note in fraud of the person for whose benefit the note was taken, is void.

THIS was an action of *Assumpsit* on a promissory note, dated Nov. 25, 1819.    It had been tried by the County Court on the *general issue*, and a verdict found by the jury for the plaintiff; and the case now came before the court upon exceptions taken by the defendant on the trial.    The bill of exceptions stated, that "To prove the execution of the note, the counsel for the plaintiff offered evidence that the payee, by the direction of the payor, signed the payor's name to the note; to the admission of which the counsel for the defendant objected.    The objection was overruled by the court, and the evidence was admitted; inasmuch as it appeared that when the note was given, it was for the benefit of the plaintiff's sister, and that the plaintiff had no interest in it, unless as trustee or agent for her; the defendant declining to give the note directly to her.    The defendant's counsel then read in evidence a receipt in full for the amount of said note and all other demands, executed by the plaintiff to the defendant.    The plaintiff's counsel then offered testimony tending to shew, that, at the time the note was executed, the plaintiff, *Luther Haven*, had no interest in it, but that said note was made after a suit had been instituted by the plaintiff's sister against the defendant, charging the defendant with being the father of a bastard child of her's, then about eight months old, and was given to the plaintiff by the consent of his sister, and at the request of the defendant, who said it might be kept in her possession, and paid to her; and in consideration of a discharge, at that time given to the defendants, from his liability, as the father of said child, signed by the plaintiff and his sister; and that after the defendant had left the house, plaintiff's sister took the note, and had remained in possession of it till the commencement of this suit: to the admission of which testimony, the counsel for the defendant objected.    The objection was overruled by the court, and the evidence admitted.

The defendant requested the court to charge the jury, that the fact that the note was made payable to the plaintiff in the suit, as aforesaid, was evidence of a sufficient authority in him to receive payment of it, at least, unless his authority was afterwards countermanded by the person in interest; and further, that there was no

legal consideration for the note. But the court refused, and charged the jury, "That if they believed from the testimony the defendant was "the father of the child, or that he had seduced the sister of the ".plaintiff—that these facts would be sufficient to constitute a good "consideration for the note—That the name of the defendant "being placed to the note by his direction, although in fact "done by the payee, was a sufficient execution of the note to "bind the defendant—That if they believed from the evidence "the defendant knew that the note was in possession of the sister "of the plaintiff when the discharge was received by him from "the plaintiff, the discharge would be void, and would not avail "the defendant."

The cause now came before the court on a motion for a new trial founded on the said exceptions to the decisions and charge of the County Court.

*The counsel for the defendants contended,* 1. That the County Court erred on the trial in admitting the evidence offered as to the execution of the note; a bystander, or third person, might subscribe the maker's name ; but the payee cannot be made the agent of the maker for that purpose.

2. The court erred also in admitting the evidence offered to counteract the receipt. By the common law, the plaintiff on record was formerly taken to be in all cases, the real party in interest, and a discharge or release from him was always adjudged a good bar to the suit. In modern times, the courts of law have, in some instances, interfered to protect the equitable interest of third persons, not parties of record. But it is believed that this has been done only in cases of assignment, and when the interest in the contract has been transferred by some event accruing after its execution.—7 *T. R.* 663, *Bauerman* vs. *Radenius.*—11 *East,* 583, *Rex* vs. *Inh. of Hardwick.*—7 *T. R.* 670, *Craib et ux.* vs. *D'Aeth.*—3 *Conn. R.* 76, *Bulkley* vs. *Landon.*

In cases of written contracts, courts of law have always considered the party named in the writing as the only person originally entitled to prosecute it ; and if any other person is ever recognized as having that right, it never has been by force of the original contract. In this case, no facts appear which tend to

shew any change in the relative situation of the parties ; but their respective rights and

duties were the same at the time of the execution of the receipt, as at the time the note itself was made. If, then, the receipt be not effectual, the plaintiff, *Haven*, the payee of the note, had never any legal interest in it, and could never have discharged it. But was not *Haven*, when the note was executed, the person legally in interest ? and what is there in the facts in this case to show that he had then no control over it ? It is not correct to say, with respect to this point, that he was the agent of his sister ; for the note was taken directly to himself, and with her knowledge and assent. But if he may be viewed in this light, his authority certainly continued until the payment was made, as there is no evidence of its being revoked. He is to be regarded rather as a trustee for her, and with this trust this court have no concern : the trustee has the legal interest, and could, of course, discharge the debt. The fact stated in the case, that the defendant remarked that the note might remain in the possession of the sister, &c. does not vary the case. It does not amount to a contract to pay her, nor does it add any thing to the written contract. But after all, the evidence offered by the plaintiff to counteract the receipt was wholly inadmissible, upon the ground that it was a direct attempt to vary the written contract, and to show by verbal evidence that a note, payable on the face of it to *Luther Haven*, was not payable to him, but to some one else. This we consider wholly unauthorized by law, and it ought to be remarked, that in this view of the case, the question is to be regarded, not so much as relating to the effect of facts duly proved, as to the mode in which the facts are to be established.

The court erred in their charge to the jury, not only in the points before suggested, but also with respect to the consideration of the note. The consideration of the note is expressed in the case to be a discharge from the woman of the defendant's liability as father of the child. This consideration we consider void, because, neither the woman, nor the town authority, are authorized to take any security in such case, except in the mode pointed out by the statute. The discharge of the woman was no bar to a prosecution by the town. No act of her's would defeat the town of their

GG

remedy, short of a prosecution accompa-
nied by an order of court.—5 *Esp. R.*
143, *Wilde* vs. *Griffin.*—6 *East.Rep.* 110, *Cole et al.* vs. *Gow-*
*er et al.*—1 *Brod. and Bing.* 1, *Watkins* vs. *Hewlett.*—1 *Camp.*
396, *Townson* vs. *Wilson,*

*Mr. Bates, for the plaintiff.* 1. As to the discharge, the prin-
ciple that the payor, knowing to whom the debt is equitably due,
cannot receive a discharge from the nominal payee or plaintiff,
has been frequently and recently settled in this state. The fact
of executing the note to *Haven* could not, as has been contended
by the plaintiff's counsel, be construed into an authority to him to
receive the money, because it was understood by the parties, and
observed by *Hobbs*, at the time, that he was not to receive it, but
it was to be left with the sister and paid to her. Nor has it been
deemed necessary, in any of the cases, for the equitable owner to
prove that he countermanded an authority to receive the money,
which might be supposed to attach itself to the nominal payee.—
It has always been deemed sufficient that the payor had a knowl-
edge that he was receiving a discharge in fraud of the real owner
of the debt.

2. As to the question whether the payee can be made the agent
of the payor to execute the note, it may in this case be *first* remarked
that *Haven*, though the nominal payee, had never any more inter-
est in it than a stranger, and might therefore with as much propri-
ety be made the agent as any other person. *Secondly*, though by
the *statute* 3 *and* 4 *Anne*, notes made and signed by certain per-
sons therein described have a certain effect as to considera-
tion, negotiability, &c. given them by that statute, yet when we
are enquiring here who may be an agent to sign a note, we
must look to the common law, and there we find there is no re-
striction whatever. A man may constitute whom he pleases his
agent.— *Chitty on Bills,* 27.—And the proper manner of execu-
ting a writing is for the agent to sign the name of the principal.—
*Id.* 31.—2 *East,* 143, *Wilkes* vs. *Buck*—(*Lauren's opinion.*)
It would seem to be an almost self evident proposition, that
what a man may do with his own hand, he may do by any other in-
strument. And the general rule of law being settled and admit-
ted, that whatever a man can do by himself he can do by his agent,

if the present case forms an exception, it $\left\{\begin{array}{l}\text{Addison, January, 1828.}\\ \overline{\phantom{aaaaa}}\\ \textit{Haven} \text{ vs. } \textit{Hobbs.}\end{array}\right.$
is incumbent on the defendant to shew
some precedent to that effect.

Turner, J. delivered the opinion of the court. This case presents three questions. First, whether *Hobb's* note was invalidated by the fact that his name was signed by the payee, at his request. Second, whether it was void for want of consideration; and third, whether it is discharged by the receipt.

As to the first question, by the common law, the payor of a note may unquestionably bind himself by a note to which his signature is affixed by a third person at his request. The person who thus affixes the signature, is regarded not so much an agent, as an instrument used by the payor to perform the act by which he binds himself. If this act is performed by a bystander at the request of the payor, the latter certainly is precluded from calling it in question. *Haven* had no interest in this note, and affixed *Hobbs'* name to it at his request; and it is impossible to perceive why the fact of *Haven's* being the nominal payee, should make any difference.

As to the second question, the consideration for this note was the discharge of a prosecution instituted by the sister of the plaintiff against the defendant, under the statute of bastardy, for the support of her bastard child, &c. The court charged the jury, in substance, that if they believed the defendant was the father of the child, the discharge of the prosecution would be a good consideration for the note; and the verdict of the jury is conclusive as to this fact. The only question on this point, therefore, is, whether she had such an interest in that prosecution that she had a right to compromise or discharge it. By the statute *p.* 366 when any single woman shall be delivered of any bastard child, or shall declare herself to be with child, and that such child is likely to be born a bastard, and shall charge any person in writing, and on oath before any justice of the peace, with being the father of the same, the justice may issue his warrant for the apprehending of the person so charged, may bind him over to the next term of the County Court; and if the County Court shall adjudge such person to be the father, to charge him "with the payment of money for the assistance of the mother, for her expenses already ac-

Addison, January, 1828. } crued in the premises, and for the future

*Haven* vs. *Hobbs.* } support of the child." So far the statute considers the prosecution to be exclusively the mother's, and for her benefit. But her interest is liable to be defeated by several contingencies. The only one deemed material to be mentioned here, is, that which gives the overseers of the poor of the town, likely to be charged with the support of the child, the right to commence the prosecution, or to control and manage the same, when commenced by the mother, if they shall judge the interest of the town to require it. This they are authorized to do on certain terms and conditions prescribed by the statute, on the performance of which, they are to have "all the benefits of this act to which the woman would be entitled." Had the town interfered with the prosecution instituted by the mother, the defendant should have shown it; but of this there is no pretence. And it is therefore regarded by the court *as sub-ject to her control.*

Third, It is admitted by the case, that the note, though running to the plaintiff, was taken for the sole benefit of the sister, and left in her hands to be paid to her. If the pay was made to the plaintiff, it was in violation of her equitable interest, and contrary to the express understanding of all concerned in the transaction. This court have repeatedly decided to protect equitable interests; nor is there any case known which would require us to give effect to a collusive understanding between the plaintiff and defendant in violation of the rights of a third person.

Judgment of the County Court is affirmed.

*R. B. Bates,* for plaintiff.

*Linsley* and *Waller,* and *S. S. Phelps,* for defendant.