## GAGE v. DOW.

A parol assignment of funds arising from the sale of brick to be delivered, made more than four months before the commencement of proceedings in bankruptcy by the assignor, in good faith, upon sufficient consideration, and not in contemplation of bankruptcy, is valid.

ASSUMPSIT, to recover the sum of $1;140.20 received by the defendant within four months prior to the commencement of proceedings in bankruptcy by B. R. Dow, of whose estate the plaintiff is assignee, the defendant knowing that said B. R. Dow was insolvent. Facts found by a referee.

B. R. Dow filed his petition in bankruptcy January 19, 1877, was adjudged bankrupt January 20, 1877, and the plaintiff was appointed assignee February 5, 1877. In January, 1876, B. R. Dow applied to the defendant, who is his son, for assistance to enable him to manufacture brick. The defendant, in behalf of his father, soon afterwards made a written contract with McDonald & Phelan, of Boston, to furnish them 1,200,000 brick, and executed the contract by signing his father's name to the same. Within a few days thereafterward, B. R. Dow applied to the defendant to advance him money to enable him to manufacture the brick called for by the contract, which he did from time to time with the understanding and agreement between him and his father that payment for the brick should be made to the defendant by McDonald & Phelan, and that he should credit the money so received upon his account with his father for money advanced. In pursuance of this agreement, the defendant advanced to his father, in goods, money, and bills paid, prior to September 18, 1876, $1,932.50 (including two horses valued at $75), and after September 18, 1876, to the amount of $176.89. April 6 and May 1, 1876, the defendant received from McDonald & Phelan two checks for $200 each, which he endorsed over to his father, neither crediting nor charging him with the same. The amount paid by McDonald & Phelan to the defendant to September 2, 1876, inclusive, was $3,498.72, of which sum $2,481.02 was for brick bought by the defendant of other manufacturers, and sent to McDonald & Phelan because his father was unable to furnish brick as fast as McDonald & Phelan called for them, leaving a balance of $1,017.70 paid by McDonald & Phelan to the defendant prior to September 18, 1876, for brick manufactured by B. R. Dow. In July or August, 1876, B. R. Dow having no further use for the horses, sent them to the defendant to be disposed of, the proceeds to be applied in payment of money which the defendant had advanced for him. The horses were put in the hands of an auctioneer and sold prior to September 18, 1876, and the net proceeds, amounting to $40.20, were paid to the defendant by the auctioneer in October, and credited by him to his father

under date of October 23, 1876.  At an interview with McDonald & Phelan in August, 1876, B. R. Dow notified them to pay to the defendant in the future, as they had before done, for the brick he had sent or should thereafter send to them; and the money advanced by the defendant to his father after that date was advanced on that understanding and agreement as it had been before.  McDonald & Phelan had before that time understood that the proceeds belonged to the defendant, and for that reason had made payments to him instead of to B. R. Dow.  The way-bills sent with the brick were in the name of the defendant, and so made by B. R. Dow. The only payment made by McDonald & Phelan after September 2, 1876, was the sum of $1,100 paid to the defendant about November 20, 1876, and that sum was the only sum received by him on account of brick manufactured by his father after September 2, 1876, except the sum of $40.20 received from the sale of the horses.  September 26, 1876, the property of B. R. Dow was attached by one of his creditors, and by others a few days later. The defendant thereupon had a looking over with his father, and learned that he could not pay his debts in full.  Up to that time he had supposed his father was solvent, although he did not regard his credit as large.  The question is reserved, whether upon the foregoing facts the plaintiff can recover the sum of $1,100 received by the defendant from McDonald & Phelan, and the sum of $40.20 received by the defendant from the sale of the horses.

*Barnard & Barnard*, for the plaintiff.

*Mugridge, H. S. Clark*, and *Cross*, for the defendant.

CLARK, J.   Although the contract for the sale of the brick, for a portion of the proceeds of which this action is brought, purports to have been made between McDonald & Phelan and B. R. Dow by the defendant as agent of his father, it is evident upon the facts found by the referee that the defendant was the real party to the contract, and that all the parties so understood it when the written contract was executed.   B. R. Dow had nothing to do with the negotiations, was not present when the contract was executed, and it was then understood and agreed that all payments were to be made to the defendant.   He never saw McDonald & Phelan until August, 1876, more than six months after the written contract was made, and at that time he told them to continue to pay the defendant as they had previously done for the brick he had sent or should thereafter send them.   The way-bills sent with the brick were in the name of the defendant, and were so made by B. R. Dow.   The defendant assumed the performance of the contract, and when his father was unable to furnish the brick as fast as called for by the contract, he supplied them by purchasing from other manufacturers, not as agent of his father but on his own account.   Upon these

facts it would seem that the money due from McDonald & Phelan, for brick delivered under the contract, belonged to the defendant and not to B. R. Dow.   In this action it is competent for the defendant to show the true character of the transaction, notwithstanding the written contract.   *Furbush* v. *Goodwin*, 25 N. H. 425, 446, 452.

But regarding the transaction as a sale of the brick by B. R. Dow, the facts show a valid assignment of his claim against McDonald & Phelan to the defendant.   An assignment of a chose in action may be by parol.   *Thompson* v. *Emery*, 27 N. H. 269; *Brewer* v. *Franklin Mills*, 42 N. H. 292; *Jordan* v. *Gillen*, 44 N. H. 424.   After notice to McDonald & Phelan in August, 1876, to pay the defendant for the brick, neither B. R. Dow nor his creditors could have defeated the defendant's claim to the funds, however it may have been prior to such notice.   *Sanborn* v. *Little*, 3 N. H. 539; *Giddings* v. *Coleman*, 12 N. H. 153.   There is no evidence of fraud in this case.   The facts reported show a valid assignment, made in good faith and not in contemplation of bankruptcy, for a sufficient consideration, and more than four months before proceedings in bankruptcy were commenced against B. R. Dow, and therefore it is valid against the plaintiff.   Upon the same grounds the defendant is entitled to retain the $40.20 received from the sale of the horses.

*Judgment for the defendant.*

ALLEN and SMITH, JJ., did not sit: the others concurred.