Bettis v. Bristol.

---

## BETTIS v. BRISTOL.

1. **Promissory Note:** INDORSEMENT BY AGENT. Where an indorsement of a promissory note is made by an agent of the payee it is not essential to its validity that the agent's authority should appear upon the note.

*Appeal from Tama District Court.*

FRIDAY, APRIL 22.

ACTION at law upon a promissory note. The cause was tried to the court without a jury, and judgment rendered for plaintiff. Defendant appeals.

*Mills & Guernsey*, for appellant.

*Ebersole & Willett* and *F. A. Simmons*, for appellee.

BECK, J.—I. The case was tried in the court below upon an agreed statement of facts, from which it appears that the note in suit was executed by defendant, for goods bought of Willoughby, Clark & Co., and was made payable to their order; that before maturity of the paper it was purchased in good faith, and for value, by plaintiff, and was delivered to him without indorsement; that soon after it was purchased and delivered, and before it matured, the payees wrote a letter to plaintiff, authorizing him to indorse the note in their names,

whereupon he executed the power thus conferred on him, by making a blank indorsement in this form: "Willoughby Clark & Co., by Wm. Bettis;" that subsequently, and before, the maturity of the note, one to whom defendant had assigned his property for the benefit of his creditors made payment of the note to the payees, Willoughby, Clark & Co.; that the transactions all occurred in the State of Illinois, and that defendant had no notice of the transfer of the note, and plaintiff had no knowledge of the payment to the payees, both of the parties acting in respect to the note in good faith.

II. The defendant insists that the payment of the note to the payees, under the circumstances just stated, discharged him of liability. He bases his position upon the ground that the indorsement is not sufficient in that it was not made by the payees themselves.

1. PROMISSORY note : indorsement by agent.

The statute of Illinois requires that *indorsements* of negotiable paper shall be made thereon "under the hand" of the indorser. A like rule prevails in this State. *Younker v. Martin*, 18 Iowa, 143; *Franklin v. Twogood*, Id., 515.

It is insisted that not only the *indorsement* must be made upon the paper, but, when done by an agent of the indorser, his authority must also appear thereon. We know of no principle of law or decision of the courts supporting this position.

An indorsement may be made by an agent whose authority is conferred by parol. It would be impossible to show his authority upon the note or bill. And when an agency is created by a general power of attorney or written appointment, it would be equally impossible to show it by indorsement upon the commercial paper which the agent may be required to transfer. Counsel for defendant cite the following cases upon this point: *Hilborn v. Artus*, 3 Scam., 344; *Roosa v. Crist*, 17 Ill., 450; *Wilder v. DeWolf*, 24 Ill., 190; *Fostier v. Darst*, 31 Ill., 212; *Ryan v. May*, 14 Ill., 49; *Badgley v. Votrain*, 68 Ill., 25.

These decisions fail to support counsel's position. They do

not hold that an indorsement of commercial paper by an agent is not good unless it contains the appointment of the agent in writing.

No other question is discussed by counsel. The judgment of the District Court must be

AFFIRMED.