BROWN, *Adm'r, & a. v.* MANSUR.

A contract made by the father of an illegitimate child to secure its support is lawful; wherefore an assignment by him of a certificate of insurance on his life to the child's mother for that purpose will be sustained against his administrator.

BILL IN EQUITY, by the administrator, widow, and two minor children of Charles C. Green, deceased, to recover possession of a certificate of insurance upon the life of said Green. Facts found by the court. The defendant is the mother of an illegitimate child, of which Green was the father. In July, 1884, upon an understanding between Green and the defendant that provision for the support of the child, in case of his death, should be made in that way, Green procured a certificate of membership in the New England Relief Association for $1,000, and delivered it to the defendant, who retained it in her possession until after the commencement of this bill. Both Green and the defendant understood that the insurance was procured, and would be available for the above purpose, and the certificate was delivered to her to enable her to receive it in case of his death, to be so applied. Since the filing of this bill the certificate has been surrendered to the Relief Association, and the amount of the insurance secured by it has been deposited with the clerk to be paid as the court may order.

*Wiggin & Fuller*, for the plaintiffs.

*Calvin Page*, for the defendant.

BINGHAM, J. The certificate is a chose in action assignable by parol. The fact that it provides that it may be assigned with the consent of the association and an action maintained thereon by the assignee, is simply an adoption of the common law. *Boyd* v. *Webster*, 58 N. H. 336; 1 Bouv. Law Dict. 265, s. 2; *Foss* v. *Bank*, 111 Mass. 285, 287. At common law, also, the assignee becomes the equitable owner, and without the consent of the debtor to the assignment of a chose in action may maintain a suit in the name of the assignor or his legal representative, and, after notice to him of the assignment, the equitable interest of the assignee will be protected in courts of law against all interference of the original parties. *Duncklee* v. *Company*, 23 N. H. 245, 250; *Thompson* v. *Emery*, 27 N. H. 269, 272; *Cameron* v. *Little*, 13 N. H. 23, 25; *Gordon* v. *Drury*, 20 N. H. 353.

The assignment need not be in writing, or in any particular form of words, if a consideration is proved, and the meaning of the parties appears. The assignment was not void on account of its immorality. It was not immoral for the mother to provide for the maintenance of the child, whatever may have been her previous conduct, and its support was a good consideration for the assignment of the certificate. *Parker* v. *Way*, 15 N. H. 45, 51; *Hoit* v. *Cooper*, 41 N. H. 111; *Haven* v. *Hobbs*, 1 Vt. 238; *Holcomb* v. *Stimpson*, 8 Vt. 141; *Jennings* v. *Brown*, 9 M. & W. 495; *Hicks* v. *Gregory*, 8 Man. Gr. & S. 378; *Smith* v. *Roche*, 6 C. B. N. S. 223. If Green had not voluntarily paid the expense of the child and provided for its future support, he might have been compelled to do so. G. L., *c.* 84, *ss.* 1, 4, 6, 7.

The question in this case is between the legal representatives of Charles C. Green and the defendant. The association having paid the money without objection to the equitable right of the defendant, the representatives of Green cannot insist upon any objection which the association has waived. The defendant is entitled to the money, and the clerk may pay it to her under the agreement.

*Bill dismissed.*

CLARK, J., did not sit: the others concurred.