Sullivan,
June, 1895.

### POLLARD v. POLLARD & Tr., NICHOLS, Claimant.

A written order for the payment of money, signed by one partner, orally assented to by the other, and directed to a member of a committee acting for a school district indebted to the firm, operates as an equitable assignment, and is valid against subsequent attaching creditors.

FOREIGN ATTACHMENT. Facts found by the court. In 1894, the defendant and Raymond M. Pollard jointly contracted to erect a schoolhouse for the Lempster School District, agreeing between themselves to share the profits and losses of the contract equally. The district acted by its building committee, consist-

ing of three persons, of whom Arthur L. Benway was one. May 3, 1894, the defendant gave the claimant an order as follows: "Lempster, May 3d, 1894. Mr. Arthur L. Benway: Please pay Mrs. Mabel L. Nichols eighty-two dollars and charge the same to my account, it being for forty-one weeks' board." An acceptance was indorsed upon the order in these words: "May 3d, 1894. I hereby accept the within order. A. L. Benway, Committee." Raymond was present when the acceptance was made, and orally consented to the same. The order being regarded as an equitable assignment, the trustee was discharged, subject to the plaintiff's exception.

*George R. Brown*, for the plaintiff.

*Hosea W. Parker*, for the claimant.

CHASE, J. The order was, in effect, an equitable assignment, by Rolon D. and Raymond M. Pollard to the claimant, of a part of their claim against the Lempster School District. *Conway* v. *Cutting*, 51 N. H. 407; *Garland* v. *Harrington*, 51 N. H. 409. Although it is addressed to Benway personally, and is signed by Rolon only, and directs the charging of the sum mentioned to his account, the circumstances show that all parties understood it referred to the money that would become due to the Pollards jointly from the district upon the completion of their contract. Benway was one of the three members of the district's building committee, and it appears from the form of his acceptance of the order that he acted in that capacity. So far as appears, he was not personally indebted to the Pollards or either of them. Raymond's oral consent to the order was a valid transfer of his interest in the subject of the assignment. *Thompson* v. *Emery*, 27 N. H. 269; *Brewer* v. *Franklin Mills*, 42 N. H. 292; *Jordan* v. *Gillen*, 44 N. H. 424, 427; *Pierce* v. *Insurance Co.*, 50 N. H. 297; *Gage* v. *Dow*, 59 N. H. 383; *Brown* v. *Mansur*, 64 N. H. 39. The question whether Benway was authorized to bind the district by an acceptance need not be considered, for an acceptance is not required to make the order operate as an equitable assignment. *Garland* v. *Harrington*, supra. The assignment was good as against the plaintiff, even if the district did not have sufficient notice of it before the plaintiff's writ was served. Such assignments are upheld in law, as well as in equity, against subsequent attachments. *Gerrish* v. *Clough*, 36 N. H. 519, 524; *Chapman* v. *Haley*, 43 N. H. 300, 306; *Brown* v. *Mansur*, supra.

*Exception overruled.*

All concurred.