Merrimack, ⎱
Dec., 1897. ⎰

MARSH v. GARNEY & Tr., ROLLINS, Claimant.

A parol assignment of an account, accompanied with authority to collect it
and apply the avails to the payment of the assignor's debt to the assignee,
is valid without notice to the assignor's debtor, and takes precedence of a
subsequent attachment of the funds in the hands of the debtor by a creditor
of the assignor.

An assignee who brings suit in the name of the assignor is not estopped
from setting up the assignment by an omission to specify in the writ that
he is the plaintiff in interest.

FOREIGN ATTACHMENT. Facts found by the court. In November, 1896, the defendant being indebted to Rollins, the claimant, upon a judgment, turned over to him an account amounting to $30 against Davis, the trustee, with authority to collect it and apply the proceeds upon the judgment. In March, 1897, the claimant brought suit against Davis in the name of Garney, without specifying in the writ that he, Rollins, was the plaintiff in interest. Marsh, at Davis' request and after examining the writ, receipted for the property attached and immediately brought the present suit. At that time neither Davis nor Marsh knew of the assignment to Rollins; and if Marsh had known of it he would not have brought suit.

*William H. Sawyer*, for the plaintiff.

*Napoleon B. Hale*, for the claimant.

CARPENTER, C. J. The turning over of the account by Garney to Rollins, accompanied with authority to collect it and apply the avails to the payment of Rollins' judgment against Garney, was a sufficient assignment of the account. *Brewer* v. *Franklin Mills*, 42 N. H. 292, 294, 295, and cases cited; *Pollard* v. *Pollard*, 68 N. H. 356. To the validity of the assignment no notice to Davis or to Marsh was necessary. *Wakefield* v. *Martin*, 3 Mass. 558; *Thayer* v. *Daniels*, 113 Mass. 129. The only occasion for notice to Davis would be to protect Rollins against a *bona fide* payment of the debt by Davis to Garney or a settlement with him, and also to enable Davis in his deposition as trustee to disclose the assignment. *Giddings* v. *Coleman*, 12 N. H. 153, 158; *Cameron* v. *Little*, 13 N. H. 23, 25.

Rollins is not estopped from setting up the assignment by his omission to state in his writ that he was the plaintiff in interest.

Such a statement could have no possible effect except to give notice of the assignment to Davis. Notice given to him in any other way would be equally effective. Nobody else was entitled to notice or could be prejudiced by the want of it.

Marsh's attachment of the credits due Garney from Davis was a lien only upon Garney's interest in those credits. In the absence of fraud, Garney's previous assignment of the claim takes precedence of the attachment, although no notice of the assignment was given to Davis. *Pollard* v. *Pollard*, 68 N. H. 356, 357, and cases cited. Marsh can hold only what Garney himself could recover if the action were brought by him. *Forist* v. *Bellows*, 59 N. H. 229, 231, 232; *Wallace* v. *Investment Co.*, 68 N. H. 188, 190. The fact that Rollins brought suit upon the claim in the name of Garney does not affect the application of the principle. The rules of law required him to bring the action in that form. By so doing, he did not hold Garney out as the owner of the claim; he neither did, nor omitted to do, anything inconsistent with his title to the claim. His omission to specify in the writ his interest in the suit was merely silence when he had no occasion to speak. Marsh and persons dealing with Garney were chargeable with knowledge that Garney might have assigned or incumbered the claim, the same as they would be if no suit had been brought upon it.

*Trustee discharged.*

BLODGETT, J., did not sit: the others concurred.