Coös,          }
July 4, 1901. {

### INGALLS *v.* BURLINGAME.

The provision that a contract may be terminated upon notice is not affected by an assignment thereof; and a performance by the assignee, subsequent to such notice to the assignor and without the knowledge or consent of the other party to the contract, does not raise an implied promise on the part of the latter to pay therefor.

ASSUMPSIT, to recover for the publication of an advertisement in a newspaper. Tried by a referee, and transferred from the October term, 1900, of the supreme court by *Parsons*, J.

July 26, 1896, one Andrews was the owner of the newspaper,. and before that date he began publishing the advertisement in question under a verbal contract with the defendant, by the terms. of which the publication was to be continued until forbidden by the defendant. July 15, 1897, Andrews sold to the plaintiff his. publishing business, including his account against the defendant, the amount of which has. been paid into court. Soon after that date the defendant notified Andrews to discontinue the advertise- ·ment. The latter informed him that he had sold the paper to the plaintiff, whom he ought to notify of the discontinuance. The plaintiff was not notified by any one, and in good faith continued the publication until May 4, 1898. The defendant did not know of the publication of the advertisement after July 15, although he regularly received a copy of the paper and might easily have ascer- tained the fact.

Judgment was ordered on the report for the plaintiff for the amount paid into court and costs to the date of the confession, and for the defendant for costs since that date, and the plaintiff ex- cepted.

*Jesse F. Libby*, for the plaintiff.

*Crawford D. Hening*, for the defendant.

WALKER, J. If the contract for future advertising was assign- able, either at law or in equity, without notice to the defendant, his rights under the contract were not changed by the plaintiff's. purchase of the publishing business. *Sanborn* v. *Little*, 3 N. H. 539 ; *Jordan* v. *Gillen*, 44 N. H. 424, 427, 428 ; *Gage* v. *Dow*, 59 N. H. 383, 385. One of his rights was that he might terminate the executory contract at any time by notice to Andrews, the other contracting party. About the time of the sale he notified Andrews. to discontinue the advertisement, in ignorance of the fact of the sale. The plaintiff had not notified him of it, as it was his duty to do (*Thompson* v. *Emery*, 27 N. H. 269, 272), and the defend- ant's right to terminate the contract by notice to Andrews was. unimpaired.

By the notice the contract was terminated, and the plaintiff's subsequent publication of the advertisement, without the knowl- edge or consent of the defendant, did not raise an implied promise on the part of the latter to pay therefor (*Webb* v. *Cole*, 20 N. H. 490 ; *Burns* v. *Madigan*, 60 N. H. 197) ; nor did any duty rest upon him to ascertain whether the advertisement had been in fact. discontinued.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.