Hillsborough, ⎱
  Oct. 4, 1901. ⎰

GLAUBER MANUFACTURING CO. *v.* VOTER *&* *Tr.*, CUTTER,
*Claimant.*

An order for the payment of money, made and accepted in good faith, is
  valid as against a subsequent attachment of the funds in the hands of the
  acceptor by a creditor of the assignor.

FOREIGN ATTACHMENT. Issue between the plaintiffs and the
claimant. Trial by the court, and case transferred from the May
term, 1901, of the superior court by *Peaslee,* J.

The writ was served upon the trustee, February 26, 1898. A
verdict was found against the defendant in March, 1900. The
trustee's disclosure showing that he owed the defendant was filed
in October, 1899. After the rendition of the verdict the claimant
moved for and was granted leave to appear as claimant of the
funds in the hands of the trustee. Up to this time the plaintiffs
had no information of the claim so set up.

At the trial of the issue between the plaintiffs and the claimant,
it appeared that in July, 1897, the claimant had a claim against
the defendant which he tried to collect, and that thereupon the
defendant gave him an order on the trustee as follows: " Nashua,
N. H., July 19, '97. Mr. F. D. Cook. Please pay to H. A. Cut-
ter when due the am't of last payment on plumbing contract,
Cortland st. job, am't being sixty-six and 25-100 dollars ($66.25).
C. A. Voter & Co. V." Across the face is written: "Accepted.
F. D. Cook, July 19, 1897." Subsequently the claimant brought
suit in Voter's name against Cook to recover the claim represented
by the order, and recovered judgment in June, 1898. In that
suit the claimant's name was indorsed on the writ as plaintiff in
interest.

The court discharged the trustee, and the plaintiffs excepted.

*Wason & Moran,* for the plaintiffs.

*Henry A. Cutter,* for the claimant.

BLODGETT, C. J. No fraud appearing as to the defendant's
order to the claimant and its acceptance by the trustee, by their
subsequent attachment of the credits alleged to be due the defend-
ant from the trustee the plaintiffs acquired a lien only upon the
defendant's then existing interest in those credits, and can hold
only what the defendant himself could recover if the present suit
were brought by him. Upon familiar principles, this would be

nothing.   For recent decisions directly in point, see *Marsh* v. *Garney*, 69 N. H. 236, 237, and *Pollard* v. *Pollard*, 68 N. H. 356, 357. See, also, *Corning* v. *Records*, 69 N. H. 390, 396, 397.

*Exception overruled.*

All concurred.