# NORTHWESTERN SAVINGS BANK, Respondent, v. INTERNATIONAL BANK, Appellant.

### St. Louis Court of Appeals, November 5, 1901.

1. **Negotiable Paper: CASHIER'S CHECK: CHARACTER OF: INNOCENT HOLDER.** The case at bar presents that of an innocent holder of negotiable paper who has acquired it in the usual mode for value, seeking to hold the maker responsible; for a cashier's check is an instrument of that character.

2. ——: ——: **INDORSEMENT OF PROMISSORY NOTE MADE BY AGENT OF PAYEE.** An indorsement of a promissory note or bill of exchange may be made by the agent of the payee, and by one whose power was orally conferred.

3. ——: ——: ——: **POWER OF AGENT OF PAYEE ESTABLISHED BY PAROL EVIDENCE.** And it is not necessary for such agency or authority to appear upon the instrument.

4. ——: ——: ——: **AUTHORITY OF AGENT TO INDORSE PRINCIPAL'S NAME ON INSTRUMENT.** And an agent who thus indorses a principal's name may properly recite the capacity in which he does it, to protect himself from personal liability, but the principal is bound regardless of the recital.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*H. A. Haeussler* and *Broadhead & Haeussler* for appellant.

(1)   There was no evidence to sustain the judgment, and upon the plaintiff's own evidence defendant was entitled to judgment.   (2)   The court. admitted illegal and incompetent evidence for plaintiff in attempting to settle and adjust the rights between Walter, Lyons and Steinlage in an action between plaintiff and defendant without either of the men mentioned being made parties in this action.   (3)   There was no evidence tending to show that the check sued upon was ever delivered to payee Lyons, or accepted by him, or that he ever authorized any one to write his name upon it, and plaintiff acquired no title .to same, and can maintain no action thereon.   (4) Under the pleadings and all the evidence, plaintiff could not recover.   The admitted evidence as to any right Steinlage had to sign Lyons's name on the check, at best was his own evidence, nothing else.   Mitchum v. Dunlap, 98 Mo. 418; Timber & Iron Co. v. St. Louis C. Co., 112 Mo. 383; Bank v. Leyser, 116 Mo. 51; Bank v. Morris, 125 Mo. 343; Mechem on Agency, sec. 100.

*Lubke & Muench* for respondent.

(1)   The evidence of Steinlage, showing direct authority from Lyons to indorse the latter's name upon the cashier's check, was perfectly competent.   All the cases cited by appellant bear upon the question of admitting unsworn statements

to prove agency. Any witness may prove his own agency. Leete v. Bank, 115 Mo. 204. (2) On cross-examination of Steinlage he testified that Lyons expressly told him to indorse the check. That created a direct agency. But even if he had merely told him to pay certain notes "out of that check," such direction, by necessary implication, authorized such indorsement, because there was no other known or legal method for any one to draw money on that check, except by the indorsement of the payee's name thereon. Willison v. Smith, 52 Mo. App. 133; Wharton on Agency, secs. 31, 32.

GOODE, J.—On the twenty-third day of December, 1899, respondent cashed for John G. Steinlage a cashier's check for seven hundred and seventy-two dollars, drawn December 21, by appellant in favor of W. N. K. Lyons. This action was brought to recover on the check.

The principal defense is that Steinlage had no authority to indorse the name of the payee Lyons, but forged it. Much of the evidence is only relevant because explanatory of the circumstances out of which the controversy arose. Steinlage was interested in the Columbia Dairy Company, which was in a bad financial condition at the time mentioned. Lyons was one of its creditors, holding notes against it for more than two thousand dollars. Jacob Walter and some other persons agreed to purchase the assets of the Dairy company for ten thousand dollars, to be paid on its outstanding indebtedness. Steinlage induced Lyons to accept eight hundred and seventy-three dollars in full settlement of his claims, so that the indebtedness of the company would be reduced to the sum Walter and his associates were willing to pay. One of Lyons's notes for one hundred and one dollars was in the Merchants Laclede National Bank; so Walter gave Steinlage a check for that sum to discharge it and another check for seven hundred and seventy-two

dollars payable to Lyons, thus making up the eight hundred and seventy-three dollars agreed on as full payment. The note in the Merchants Laclede Bank was paid. Lyons refused to accept Walter's check unless the International Bank on which it was drawn would certify it, so he and Steinlage walked to the bank to get it certified, but it was Saturday and the bank had closed for the day. Lyons, who lived at Marissa, Illinois, remarked that he had to be in St. Louis again Monday and Steinlage could have the check certified that day. and he would get it. So they agreed to do. Lyons did not come back, or at least did not call for his check. On the contrary, he concluded to recede from his agreement and collect his entire claim if possible. He took legal advice and concluded he could collect it all. Steinlage telephoned him several times, asking when he would come to St. Louis and close the affair up, but received only such excuses as that the weather was bad and St. Louis a dangerous place on account of the street car strike. Meanwhile, Lyons continued to send his notes against the Dairy company to the Merchants Laclede Bank for collection. That bank pressed Steinlage for payment. The latter telephoned to Lyons, who said for him to get the money and pay them. Steinlage said he had no way to get it except by cashing the check in his hands which was payable to Lyons.

Thus far there is no dispute about the facts. It should be stated that on December 21, the defendant bank had drawn its cashier's check for seven hundred and seventy-two dollars in favor of Lyons, on delivery to it by Steinlage of Walter's original check for that sum unindorsed by the payee. Steinlage testified that Lyons authorized him, over the telephone to indorse his name on said cashier's check, cash it and. take up the notes against the Dairy company. Lyons swears he gave no such authority. There is other testimony which sheds light on the issue. Steinlage indorsed appellant's check, respondent

cashed it, and the money was devoted to paying the Dairy company's notes. Lyons collected his claim in full.

On these facts, and without declarations of law being requested, the circuit court rendered judgment for the plaintiff.

We find nothing in the record which we may properly review. So far as the evidence discloses, respondent cashed the check in the ordinary course of business, in good faith, with no knowledge of any equities, if any there were, between the drawer and payee. Its right to recover from the maker is beyond question, if Lyons authorized Steinlage to sign his name. Whether he did or not, was a pure question of fact on which the judgment of the court below is conclusive. The circumstance that the cashier's check had never been delivered to Lyons, personally, was unimportant. He must be held to have accepted it and empowered Steinlage to negotiate it as his agent, on the finding of the learned trial judge that his indorsement was authorized.

The case presented is that of an innocent holder of negotiable paper who has acquired it in the usual mode for value, seeking to hold the maker responsible; for a cashier's check is an instrument of that character. Henry v. Allen et al., 151 N. Y. 1; 36 L. R. A. 658. To hesitate about his right to recover would be to doubt the settled principles of mercantile law. An indorsement of a promissory note or bill of exchange may be made by the agent of the payee (Bank v. Carondelet Real Estate Co., 150 Mo. 570); and by one whose power was orally conferred (Haven v. Hobbs, 1 Vt. 238; Bettis v. Bristow, 56 Iowa 41). Neither his agency nor authority need appear on the instrument. Bettis v. Bristow, supra; Morse v. Green, 13 N. H. 32; Daniel on Negotiable Instruments (4 Ed.), sec. 299. An agent who thus indorses his principal's name may properly recite the capacity in which he does it to

protect himself from personal liability, but the principal is bound regardless of such recital.

In Henry v. Allen et al., 151 N. Y., supra, the defendants were held liable as bankers, at the suit of an innocent holder, on checks aggregating nearly thirty thousand dollars made by their cashier; although the testimony showed they were issued merely as memoranda of deposits, to a trusted customer, on his promise that they should not be negotiated to any other person but returned to the bank. Afterwards he absconded with the money which had been put to his credit when the checks were issued.

In the case in hand, appellant put into circulation a paper equivalent to its negotiable promise to pay, which was honored by the respondent on an indorsement found to be valid by the lower court, with no knowledge that the instrument was affected by equities subsisting between the maker and payee. The only question to be determined therefore was the genuineness of Lyons's indorsement. We affirm the judgment. All concur.