Rockingham,
Feb. 4, 1919.

## DEMETRIOS STAVRELIS *v.* PETER ZACHARIAS.

An action on a foreign judgment is not barred though brought twenty years after its date, if the action is brought within twenty years after the date when the judgment debtor acquired a residence in this state.

The assignee of a *chose in action* can maintain suit only in the name of his assignor and the declaration should set forth that the assignee is plaintiff in interest.

A surety who has paid any part of his principal's debt is entitled to subrogation as to any right the creditor had against the principal: this right exists in favor of one to whom such surety has assigned all his claim.

A foreign judgment bears interest; in the absence of proof of the foreign rate, interest is to be computed thereon at the legal rate in this state.

When a surety has paid a judgment against his principal, interest is due thereon to the surety from the date thereof.

When a debt has become merged in a judgment, interest is to be reckoned thereon at the legal rate irrespective of the rate of interest on the original debt.

ACTION AT LAW, the declaration containing two counts, (1) for debt on a judgment, and, (2) for money paid at the defendant's request. To the first count the defendant pleaded P. S., *c.* 217, *s.* 4, and to the second count P. S., *c.* 217, *s.* 3.

The judgment was rendered against the defendant on February 2, 1894, in Greece, on a claim for money borrowed by the defendant in 1890. The plaintiff's assignor was a surety for the defendant on the loan, which was also partly secured by a real estate mortgage. The loan was made in Greece, and the agreed rate of interest of 9½ per cent was valid. After the judgment, the surety having notice served on him, made payments at various times until 1900, when he bought the judgment from the judgment creditor, paying for it the full amount then due on it of $420.55.

The defendant came to the United States in 1894, resided in Massa-

chusetts until 1896, and has ever since resided in this state. In 1910 the surety assigned and transferred all his claim to the plaintiff, who brought this action by writ dated September 30, 1914. No demand on the defendant for payment was made by the surety or the plaintiff before the action was brought.

As being of legal importance, the questions whether the plaintiff can recover on either of said counts, and if so with what rate of interest and from what date or dates interest is to run, were transferred from the January term, 1918, of the superior court by *Allen,* J.

*Albert R. Hatch* and *Amos S. Rundlett,* for the plaintiff.

*Samuel W. Emery,* for the defendant.

PEASLEE, J. The record does not show at what stage the proceedings in the superior court now are. Certain facts are reported and the question "whether the plaintiff can recover" is transferred. Whether there has been a trial and verdict, whether the facts reported are all those proved, or whether there has been no trial and this is merely a statement intended to set out the contentions of the parties in advance of a trial, are matters not indicated by the transferred case. No briefs have been filed, and the case stands upon the unexplained and incomplete record. It has not been the practice to pass upon questions so presented. *Conn. Valley Lumber Co.* v. *Monroe,* 71 N. H. 473, 474 and cases cited. But the questions having been transferred "as being of legal importance," it is assumed that their solution will aid the superior court in the final disposition of the case, and they have therefore been considered.

It was early held in this state that the six year statute of limitations did not apply to a judgment entered by a justice of the peace in another state. *Mahurin* v. *Bickford,* 8 N. H. 54. While this was not a judgment rendered in a foreign country, yet it was in an inferior tribunal, not a court of record. Being of this class it was held that it did not come within the protection of the constitution of the United States (*art.* IV, *s.* 1), but had "no greater force than a foreign judgment at common law." *Taylor* v. *Barron,* 30 N. H. 78, 96; *Mahurin* v. *Bickford,* 6 N. H. 567. While the theory of these earlier cases as to the effect of a foreign judgment has been materially modified, it has been in the direction of giving greater instead of less effect to the adjudication. *MacDonald* v. *Railway,* 71 N. H. 448.

Such changes strengthen the argument for treating foreign judgments as on the same footing as a domestic one in the application of the statutes of limitation.

When *Mahurin* v. *Bickford*, 8 N. H. 54, was decided (1835) there was no twenty year statute of limitations in this state. It first appears in the commissioners' report of 1842, and applies to "actions of debt founded upon any judgment." Comm'rs' Rep. R. S. c. 184, s. 5. Although it is said by the commissioners to be "of very doubtful propriety," it was enacted as reported. R. S. c. 181, s. 5. The adoption of this language seven years after the decision and four years after the publication of *Mahurin* v. *Bickford, supra,* makes it evident that the intent was to provide in this section for a limitation of actions upon foreign judgments. The slightly abbreviated form of expression used in the next revision cannot have been intended to limit the application of the statute, for the commissioners make marginal reference to *Mahurin* v. *Bickford, supra.* Comm'rs' Rep. G. S. c. 203, s. 4. The case has never been cited by the court, and so far as known its applicability and the effect of the statute in a case like the present one have never been questioned. This suit having been brought within twenty years after the defendant took up his residence in the state, the action is not barred.

The count in assumpsit cannot be maintained on the facts stated. "The law does not permit one, by voluntarily performing a service or expending money for another, to make that other his debtor. The cases of implied assumpsit have arisen upon the request of the party supposed to have been benefitted by the services or disbursements." *Webb* v. *Cole,* 20 N. H. 490, 491; *Ingalls* v. *Burlingame,* 71 N. H. 19.

It is not apparent how the plaintiff can maintain any action in his own name. The count on the judgment should be in the name of the original plaintiff with Stavrelis as plaintiff in interest. If the count in assumpsit is designed to cover Stavrelis' claim as assignee of the surety's right to be reimbursed for payments made on account of the defendant, it should be brought in the name of the surety, with Stavrelis as plaintiff in interest. But as these payments were all made before 1900, and as the defendant resided here more than six years thereafter before the suit was brought, any action in assumpsit would be barred.

While it is true that there can be no recovery in assumpsit for the payments made by the surety, it does not necessarily follow that all right thereto has been lost. The surety having paid a part of the

principal's debt, is, upon elementary principles, entitled to succeed to any right the creditor had against the principal. *Fifield* v. *Mayer*, *ante*, 82.

As between the principal and the surety, the judgment was not paid by the surety's payments to the judgment creditor. The surety assigned to the plaintiff "all his claim" against the defendant. The plaintiff, suing as plaintiff in interest, is entitled to recover on the judgment all that is still due thereon as between the principal and the surety. It does not appear whether the mortgage security was applied in part satisfaction of the judgment, or whether the mortgaged property belonged to the defendant, the surety, or some third party. But whatever part of the judgment has not been satisfied by some one other than the surety, is still due as between him and the principal debtor.

In this state a foreign judgment bears interest. *Mahurin* v. *Bickford*, 6 N. H. 567. No facts appearing to show what the rate of interest would be under the Greek law, interest is to be computed at the legal rate here. *Lougee* v. *Washburn*, 16 N. H. 134. The fact that the contract for breach of which the judgment was obtained bore a higher rate is immaterial. The original obligation was presumably merged in the judgment. 2 Bl'k Jud., *s.* 982; *Lombard* v. *Company*, 78 N. H. 280, 283. In the absence of proof that under the Greek law the rate of interest on the judgment was controlled or affected by the facts recited, they cannot vary the result here.

Interest is to be computed upon the unpaid balance of the principal from the date to which the interest has been paid. Apparently, as between the principal and the surety, no such payment has been made. If this is the fact, interest is payable from the date when the judgment was due.

*Case discharged.*

YOUNG, J., did not sit: the others concurred.