Merrimack, }
Feb. 1, 1921. ∫

NEW HAMPSHIRE FIRE INSURANCE CO. v. JAMES THOMPSON & a.

An assignment given to secure a surety of the assignor against liability is valid
    without notice to the assignor's debtor as against a subsequent attaching
    creditor of the assignor.

BILL OF INTERPLEADER. The plaintiffs were indebted to the
defendant Smith on January 20, 1917, in the sum of $2,800, and on
that date Smith assigned his claim to the defendant Thompson to
secure him as surety on notes made by Smith, aggregating $3,500.
October 30, 1917, the defendants Fellows & Son sued Smith and sum-
moned the plaintiffs as trustees. Later, the plaintiffs were notified
of the assignment and filed this petition making Smith, Thompson
and Fellows & Son, defendants. Transferred by *Sawyer*, J., on
Fellows & Son's exception to a decree for Thompson, from the April
term, 1920, of the superior court.

. *Stevens, Couch & Stevens,* for the plaintiffs.

*Nathaniel E. Martin,* for Thompson, was not called upon.

*Branch & Branch (Mr. Randolph W. Branch* orally), for Fellows & Son.

YOUNG, J.   The question raised by Fellows & Son's exception is whether Thompson is entitled to hold, as security for signing Smith's notes, the money in the plaintiffs' hands, and not, as they contend, what Thompson could recover from Smith.

In other words, the question and the only question for the court is whether the assignment is valid.  It is conceded that it (1) was made in good faith, (2) has a sufficient consideration to sustain it and (3) that the money in the plaintiffs' hands is insufficient to save Thompson from loss, if he is compelled to pay all the notes he endorsed.  It must be held, therefore, that the assignment is valid, for the mere fact the plaintiffs were not notified of the assignment until after they were summoned as trustees does not render the assignment invalid as to Fellows & Son.  *Marsh* v. *Garney,* 69 N. H. 236.

*Fellows & Son's exception overruled.* .

All concurred.