In re Liquidation of State Bank of Brashear; George Church, Appellant, v. S. L. Cantley, Commission of Finance, Respondent.—45 S. W. (2d) 117.

Kansas City Court of Appeals.   January 11, 1932.

*Rieger & Rieger* for appellant.

No brief for respondent.

TRIMBLE, P. J.—This is an action to have plaintiff's claim of $500, established as a preference against the assets of the State Bank of Brashear now in the hands of the State Commissioner of Finance, said bank having closed its doors and turned over its assets to said commissioner on the 24th day of November, 1930.

The commissioner in due course of time allowed plaintiff's claim against the bank as a common claim, and, thereupon, on July 27, 1931, plaintiff filed his petition in the circuit court praying for a preference.

A general demurrer was filed, based on the ground that the petition did not state facts sufficient to constitute a cause of action. This the court sustained and plaintiff, refusing to plead further, stood on his petition, and judgment was rendered in favor of the commissioner. Plaintiff has appealed.

After alleging the existence and business of the bank, its failure and the turning over of its assets to the commissioner, the petition goes on to charge that one, John L. Church, as administrator of the Estate of Louisa Church, deceased, had on deposit in said bank the sum of $500, that on the 21st of November, 1930, said administrator appeared at said bank "and requested of said bank, and then and there attempted to purchase, a banker's draft payable to plaintiff George Church, and attempted to withdraw from the moneys he had on demand deposit in said bank as administrator of the estate of Louisa Church, the sum of $500; that R. L. Probst, cashier of said bank, issued and delivered to John L. Church a cashier's check of that date, drawn on cashier's check account of the State Bank of Brashear, No. 2196, in the sum of $500 payable to plaintiff, George Church.''

That thereupon John L. Church paid said bank for said cashier's check by drawing his check, as administrator, for $500 on the estate account, and said check was paid out of the funds of said estate, and said amount of $500 was charged against the account of said administrator and said check was stamped "paid" and returned to the administrator by said bank.

That the cashier's check was by John L. Church sent to plaintiff as his share of the estate of Louisa Church, and plaintiff cashed said cashier's check at a bank in Fort Collins, Colorado, and the cashier's check was by said bank forwarded in regular course of business, properly endorsed, to the Illinois Bank & Trust Company, and by it forwarded in the course of banking business to the Federal Reserve Bank of St. Louis, Missouri. The latter bank refused payment because of the assignment of the Brashear bank's assets to the finance commissioner (which occurred three days after the issuance of the cashier's check). The said cashier's check was sent back over its route to the Fort Collins bank, and plaintiff was compelled to repay to the latter bank the money he had obtained on said check.

That at the time said cashier's check No. 2196, was issued and delivered there was and continued to be more than sufficient funds in said cashier's checks account in the Brashear bank to pay said check and all other cashier's checks outstanding and payable from said cashier's checks account and likewise since the assignment to the commissioner there have been and are sufficient funds in said cashier's checks account in the hands of the commissioner to pay said cashier's

check No. 2196 and all other cashier's checks drawn on said fund and now outstanding. That on said 21st of November, 1930 (when John L. Church, administrator presented his check and the cashier's check was delivered to him) "the said State Bank of Brashear was insolvent and in a failing condition, which condition the said bank and R. L. Probst, its cashier, well knew."

In considering a general demurrer, all facts properly pleaded in the petition, all inferences of fact that may fairly and reasonably be drawn therefrom, must be accepted as true. With this well established rule in view, is the plaintiff, under his petition, entitled to a preference? We have not been favored with a brief by the respondent.

When the administrator, John L. Church, asked for and attempted to buy a draft for $500, payable to George Church, he drew a check for said sum on his administrator account in said bank in payment therefor and said check was accepted by the Brashear bank and the administrator's account was charged therewith, or, in other words, said account was decreased by that amount on the bank's books. The cashier, however, did not give the administrator a draft, but issued a cashier's check instead, and the cashier's checks account of the bank was increased $500, the amount credited thereto from the administrator's account, to cover the cashier's check. The cashier's check is negotiable (Northwestern Savings Bank v. International Bank, 90 Mo. App. 205), and it operates as an assignment of the amount of the check and a transfer of such amount from the fund it was drawn upon. [Dowell v. Vandalia Banking Assn., 62 Mo. App. 482.] And the issuance of the cashier's check by the cashier, being the act of the bank, constituted the latter's acceptance thereof. [Dickinson v. Coates, 79 Mo. 250.] Its issuance was an act of acceptance. [11 C. J. 23.] It was a setting apart of the sum called for in the check out of the cashier's checks account. [Drinkall v. Movius State Bank, 88 N. W. 724.] When the bank accepted the administrator's check, charged the amount thereof to the administrator's account, and placed the said amount in the cashier's checks account and issued the cashier's check therefor, payable to plaintiff, this was taking out of said estate the said sum of $500, and placing it in a specific fund of the bank to be devoted to a special and sole purpose, namely, to meet the cashier's check the bank had issued and accepted. The bank, by its own act, not participated in by plaintiff in any way, paid the administrator's check by taking the amount thereof out of the estate and placing it in a certain fund in the bank to be held in trust for plaintiff's benefit, and the amount thus added to the bank's funds was turned over to the finance commissioner. Moreover, the allegation in the petition that at the time the cashier's check was issued the bank "was insolvent and in a failing condition"

and the bank and cashier knew it, is in effect a charge of fraud on the part of the bank and its executive officer against both the administrator and the plaintiff. It seems to us from all that is said herein that this entitles plaintiff to a preference. [Bank of Poplar Bluff v. Millspaugh, Comr., 313 Mo. 412; Claxton v. Cantley, 297 S. W. 975; Porterfield v. Farmers Bank of Gallatin, 37 S. W. (2d) 936.]

However, since preparing the above, the writer's attention has been called to Section 5337, Revised Statutes 1929, by Commissioner CAMPBELL's opinion in the case of Federal Land Bank v. Cantley, No. 17342, handed down by this court on December 7, 1931, not yet published, which section calls for an entirely different disposition of the case herein from that above indicated. Said section provides, among other things, that—

"In all actions or proceedings instituted against such corporation or banker while the commissioner is in possession of its property or business, the plaintiff shall be required to allege and prove that the claim upon which the action is instituted was duly filed and that sixty days have elapsed since the expiration of time for filing said claims and that said claim has not been approved."

An examination of the petition herein discloses at once that the above provision of Section 5337, has not been complied with. With reference to the matter now being considered, the petition alleges merely that—"after the said commissioner took charge of said bank and its assets, the said commissioner gave due notice to the several creditors to file, present and prove their several claims against said bank, and thereafter, to-wit, on January 17, 1931, and within the time specified in said notice, plaintiff filed, presented and made proof of his said claim herein in the sum of $500 and said commissioner allowed the said claim of plaintiff against said bank in said sum of $500 as a common claim and plaintiff now files this petition asking the said court to allow his said claim as a preferred one for said sum."

While there is an allegation that the claim was filed on January 17, 1931, there is no allegation of the date when the time for filing claims expired; nor is there any allegation that sixty days have elapsed since the expiration of that time. As said by commissioner Campbell in the opinion above referred to, the statute governs and controls, and, if not complied with, the pleading must be held fatally defective.

Again, the proceeding instituted in the circuit court is authorized by Section 5337, when "the claim has been duly filed and has not been approved by the commissioner." Evidently this necessarily means that the claim thus sued on must be the same claim presented to

and refused, or not approved by, the commissioner. Now the allegation of the petition is silent about the character of the claim presented, the claim was either for an allowance as a preferred or a common claim. For all that is stated in the petition, the one asked or presented was a common claim and the commissioner allowed plaintiff all that he asked for; but that afterwards, plaintiff, upon consideration of the matter, concluded he was entitled to a preference and thereupon brought this suit. We do not think this can be done, and yet, so far as the petition discloses, it may be precisely what was done. A petition, when attacked at the outset and relief upon as this one was, must affirmatively state a cause of action and present facts showing a right to enforce it. If it states these matters in such way as to make the right a matter of *conjecture,* or wherein plaintiff *may or may not* be entitled to enforce his right, then the petition is fatal; and since the plaintiff stood on his petition and refused to plead further, the fatality is everlasting and the case beyond hope of resurrection.

The judgment, therefore, must be, and is, affirmed. All concur.