JOHN L. LADD, *Assignor*

SCHOOL DISTRICT OF DEERFIELD, *Plaintiff in Interest*

*v.*

LEONARD G. HIGGINS.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*McLane, Davis & Carleton* and *Stanley M. Brown* (*Mr. Brown* orally), for the defendant.

KENISON, J. Counsel have not cited any case directly in point nor has any been discovered. R. L., *c.* 138, *s.* 3, authorizes school districts "to procure land for schoolhouse lots and for the enlargement of existing lots," and by section 2: "All districts legally organized shall be corporations, with power to sue and be sued, to hold and dispose of real and personal property for the use of schools therein, and to make necessary contracts in relation thereto." While at an early date school districts were called "*quasi* corporations with very limited powers" (*Johnson* v. *Dole*, 4 N. H. 478, 480), they are now considered by statute (R. L., *c.* 138, *s.* 2) and judicial decisions to be corporations having "well-recognized, independent, corporate powers," (*Union School District* v. *District*, 71 N. H. 269, 270) or municipal corporations. *Clough* v. *Osgood*, 87 N. H. 444, 447. The statutory power to sue includes the right to maintain actions to recover property in which the school district has an interest. *School District* v. *Sherburne*, 48 N. H. 52.

Defendant argues that the assignment cannot represent a purchase of land by the school district for a schoolhouse lot or its enlargement because the property is a homestead and farmlands which are wholly unsuitable for school purposes. The Superior Court made no such finding and it is not a compelled conclusion as a matter of law. Vocational education and practical instruction may be a legitimate part of an educational program which has received statutory recognition (R. L., *c.* 134, *s.* 39; Laws 1943, *c.* 91; Laws 1945, *c.* 204); "And the means of education are not solely books and printed rules and maxims . . . ." *Sargent* v. *Cornish*, 54 N. H. 18, 22.

Defendant argues further that the assignment cannot be considered in the nature of a gift for educational purposes, since it recites a consideration and is couched in terms of a sale and purchase. The record does not disclose whether the assignment to the district was a voluntary gift or the amount of the consideration paid, if any. If it were a voluntary gift the school district had the authority to accept it for educational purposes. *Keene* v. *School District*, 89 N. H. 477; *Reed* v. *School District*, 91 N. H. 209.

The interest of the plaintiff Ladd in his sister's estate was assignable and enforcible in equity by the assignee school district. *Peterborough Savings Bank* v. *Hartshorn*, 67 N. H. 156; *cf. Stewart* v. *Lee*, 70 N. H. 180, 185. The acceptance of the assignment by the school

district and its joinder as a party plaintiff in this equitable action is neither *ultra vires* nor improper. See *Stavrelis* v. *Zacharias,* 79 N. H. 146.

The final objection to the assignment as being champertous is governed by *Markarian* v. *Bartis,* 89 N. H. 370, 375: "It is our conclusion that, except in those cases where it is found as a fact that litigious strife is sought to be promoted, the rule against champerty and maintenance is not now in force in this jurisdiction." In this case there is no allegation that "litigious strife is sought to be promoted." The motion to dismiss was properly denied.

*Exceptions overruled.*

All concurred.