### LYMAN COLE *vs.* INHABITANTS OF BEDFORD.

CONTRACT for forty-three dollars contributed by the plaintiff for filling the quota of soldiers of Bedford under the calls of the President for troops in 1864.

The case came before this court on appeal from a judgment rendered in the superior court for the defendants, on agreed facts, by which it appeared that the sum of twelve hundred and eighty-nine dollars and sixty-nine cents was contributed by individuals in 1864 towards filling the quota of soldiers of Bedford under the calls of the President for that year, and paid " as a free and voluntary gift," to the chairman of the selectmen, and actually expended by him for that purpose; and that the plaintiff contributed forty-three dollars of this amount; that in pursuance of an article in the warrant for the annual town meeting held March 5, 1866, a vote was there passed for the town to refund the sum on or before March 1, 1867, " to the individuals subscribing the same," and a committee was appointed " to receive and refund the money to the subscribers; " that the sum was duly assessed, as part of the town tax, in May 1866, and in July was collected into the town treasury; that in pursuance of an article in a warrant for a town meeting held November 6, it was there voted to reconsider the vote passed in March to pay the money; that on March 2, 1867, no part of the money having been paid, the committee made demand, first on the selectmen, and then on the town treasurer therefor, and were refused; and that afterwards on the same day the plaintiff made a like demand for the amount of his contribution, and, being refused, brought this action.

*T. H. Sweetser & G. M. Brooks*, for the plaintiff.

*A. A. Ranney*, for the defendants.

FOSTER, J. The money contributed by the plaintiff to assist in filling the quota of the town of Bedford, was not paid to the defendant town, or for its

---

use or benefit. Such an expenditure has been held to be so far of a public nature and for an object within the appropriate sphere of municipal action, that the legislature could constitutionally authorize towns and cities to reimburse their citizens for voluntary contributions to a fund raised to defray the expense of obtaining recruits. *Freeland* v. *Hastings*, 10 Allen, 570. But the vote to refund the money did not create a debt in favor of the plaintiff against the town. Assuming that it was an express promise to pay him the sum he had expended, it was a promise not founded on any valuable or sufficient consideration. *Dodge* v. *Adams*, 19 Pick. 429. The precise question involved in the present case was determined by the court in *Shepard* v. *Turner*, 13 Allen, 92; and there must be, on the agreed facts, *Judgment for the defendants*