Belknap,  
June, 1896.

## WHEELER v. ALTON.

Towns are not liable for the board or wages of teachers in the district schools, and are not made liable by a vote of the town to raise money for the purpose of paying for them.

ASSUMPSIT, for board furnished a school teacher and for money paid for her services. Facts found by the court. In 1888 the plaintiff was one of the school board of the school district of Alton, coterminous with the limits of the town of Alton. He examined the teacher, gave her a certificate of qualification, employed her to teach the school, furnished her with board during the school term, and paid her for her services. She was not examined by either of the other two members of the school board, and had no certificate of examination from either of them. In a suit brought by the plaintiff against the school district upon the same cause of action judgment was rendered in 1891 for the defendants (66 N. H. 540). At the annual district meeting in 1894, upon a proper article in the warrant, the school district voted to pay the plaintiff the amount he paid the teacher. At the annual town meeting in 1895, the town, upon a sufficient article in the warrant, voted to raise money to pay the plaintiff's bill " as per vote of the school district last spring."

*Edwin H. Shannon* and *James Ryan, Jr.,* for the plaintiff.

*Cogswell & Blackstone* and *E. A. & C. B. Hibbard,* for the defendants.

CARPENTER, C. J.   In his suit against the district the plaintiff failed because school districts are not liable for wages paid or for board furnished to teachers.   *Wheeler* v. *Alton School District*, 66 N. H. 540.   This action is against the town which, though coterminous with the school district, is a distinct and separate organization.   *Sargent* v. *District*, 63 N. H. 528.   The plaintiff does not claim that his action can be maintained unless the defendants — the town of Alton — are made liable by virtue of their vote in 1895 to raise money to pay the plaintiff's demand.   A town cannot by vote make itself liable to an action on a demand which it is neither equitably nor legally bound to sat- isfy.   *Bowles* v. *Landaff*, 59 N. H. 164;  *Cole* v. *Bedford*, 97 Mass. 326, note;  *Usher* v. *Colchester*, 33 Conn. 567.   All money raised by a town for school purposes must be paid over to the school board, who are alone responsible, under a heavy penalty, for its lawful expenditure.   P. S., c. 88, ss. 1, 2, 3, 4, 7.   Towns have no power to require that money raised by them for schools shall be applied to any special purpose.   The appropriation of the school money rests exclusively with the school board. P. S., c. 88, ss. 2, 7, 12;  c. 90, s. 12;  c. 92, ss. 1-14.   The ut- most effect that can be given to the vote of the defendants in 1895 is to authorize the selectmen to assess, collect, and pay over to the school board, in addition to the amount required by law, a sum equal to the amount paid by the plaintiff to the teacher.

*Judgment for the defendants.*

PARSONS, J., did not sit: the others concurred.