Merrimack, }
March 8, 1902. }

## UNION SCHOOL DISTRICT v. DISTRICT NO. 20.

Under chapter 96, Laws 1901, an independent school district which does not maintain a high school or one of corresponding grade is liable for the tuition of children resident therein who attend a high school elsewhere.

ASSUMPSIT, for tuition of children who reside in the defendant district with their parents or guardians and attend the high school of the plaintiff district. Transferred from the October term, 1901, of the superior court by *Stone*, J.

There are three school districts in Concord, namely, Union School District, District No. 20, and the Town District. District No. 20 does not maintain a high school, or one of a grade corresponding to the high school in Union School District. The parents and guardians of the children residing in District No. 20

.and attending the high school in Union School District notified the school board of the former district of the purpose of the children to attend that school. The defendant district declines to pay tuition for any of the children, claiming that the same should be paid by the city of Concord.

*Mitchell & Foster*, for the plaintiffs.

*David F. Dudley*, for the defendants.

*Edmund S. Cook*, for the city of Concord.

BLODGETT, C. J. The sole contention of the defendant district is that the tuitions of the children resident therein who attend the high school of the plaintiff district should be paid by the city of ·Concord, in which both districts are situate.

We are unable to find any tenable basis for this contention. So far as appears, and as we take the fact to be,. each district has " a .special, independent, and complete organization, and officers of its own having exclusive authority for the superintendence and government of its schools and the administration of all its school .affairs," and is a distinct and separate organization and corporation, not merely as to each other, but as to the city of Concord.' *Sargent* v. *District*, 63 N. H. 528, 530, 533, 534; *Wheeler* v. *Alton*, 68 N. H. 477, 478.

With these relations and conditions existing, it would not only be obviously unjust to subject the city to the payment of tuition at the plaintiffs' high school for children resident in the defendant ·district, which has authority to establish and maintain a high school of its own (P. S., *c.* 89, *s.* 9), but we think the parties .fairly come within the meaning of " town " as used in chapter 96, Laws 1901, enacting that " any town not maintaining a high .school or school of corresponding grade shall pay for the tuition .of any child who with parents or guardian resides in said town .and who attends a high school or academy in the same or another town or city in this .state, and the parent or guardian of such .child shall notify the school board of the district in which he resides of the high school or academy which he has determined to .attend."

This construction not only accords with the requirements of justice and the well-recognized, independent, corporate powers of .school districts, and the historical evidence ; but it is also authorized by *Sargent* v. *District* and *Wheeler* v. *Alton*, *supra*, and by .section 5, chapter 2, ·of the Public Statutes, which provides : " The word ' town ' shall extend and be applied to any place in-

corporated, or whose inhabitants are required to pay any tax, and shall mean that city, town, ward, or place in which the subject-matter referred to is situate, or in which the persons referred to are resident, unless from the context a different intention is manifest." But apart from these considerations, towns, as such, not being authorized to maintain high schools and having no boards of education, it is manifest from the act of 1901 itself that the construction adopted is the correct one.

The plaintiff's action is maintainable.

*Case discharged.*

All concurred.