Hillsborough, }
Nov. 6, 1918. }

### ELMER B. PARKER v. LYNDEBOROUGH & a.

Under Laws 1901, c. 96, s. 1; Laws 1905, c. 19, a school district not maintaining the preparatory course therein specified is liable for tuition in the grammar grades furnished by another district as part of a preparatory course maintained in conformity to those statutes.

Laws 1901, c. 96, s. 1, requiring notice to a school board as to what high school or academy a child will attend, does not require a notice if the board has actual knowledge thereof; nor is notice necessary in any case that a claim for tuition will be made.

The word "town" as used in Laws 1901, c. 96, s. 1, means the town school district.

ASSUMPSIT, under Laws 1901, c. 96, for tuition paid to Wilton. The case was tried by a referee who found the facts. The plaintiff's son attended the junior high school in Wilton, and the plaintiff paid his tuition. It appeared that in the Lyndeborough schools the scholars could take many, but not all the studies taken in the Wilton junior high school, and the scholars going from the Lyndeborough schools to Wilton frequently had to take the grades over. The Wilton school was approved by the state superintendent, and the Lyndeborough school was not so approved. It was found that Lyndeborough did not maintain a school of a grade corresponding to that attended by the plaintiff's son.

The plaintiff did not notify the school board what school his child had elected to attend, but the board knew the fact. The question whether the plaintiff could recover was not passed upon by the referee, and at the request of the parties the case was transferred without ruling from the September term, 1917, of the superior court by *Marble*, J.

*Cobleigh & Theriault*, for the plaintiff.

*Wason & Moran*, for the defendants.

PEASLEE, J. "Any town not maintaining a high school or school of corresponding grade shall pay for the tuition" of certain scholars. Laws 1901, *c.* 96, *s.* 1.

"By the term 'high school' or 'academy' as used in this act, is understood a school having at least one course of not less than four years, properly equipped and teaching such subjects as are required for admission to college, technical school, and normal school. . . . " *Ib. s.* 4, as amended by Laws 1905, *c.* 19.

The purpose of these enactments was "to enable the children to graduate from an approved school" (*New Hampton Institution* v. *School District,* 74 N. H. 412, 416); and they are to be so construed as to give effect to this intent as far as their language will permit of such result. It appears that the school attended by the plaintiff's child was not a high school or an academy within the meaning of the terms as commonly employed in 1901. The subjects studied were in part those then taught in high schools and in part those covered by the grammar grades. But the act of 1901, as amended, gives a broader application to these terms. . Under these provisions two requisites are essential to make the school one at which a pupil from another town may attend at the public expense. The subjects taught must be such as are required for admission to college, etc., and it must appear that the town sought to be charged does not maintain a school of corresponding grade. If the local school goes only to the sixth grammar grade, the pupil cannot go on, at the public expense, unless the town is chargeable for his tuition elsewhere for the remaining grammar grades. It was the intent of the amendment adopted by Laws 1905, *c.* 19, to provide for this contingency. The substitution of a "course of not less than four years" for a "four years' course," was designed to cover a situation like the one here presented. The intent being to provide a high school education, and towns not being liable for tuition after that has been provided (*New Hampton Institution* v. *School District, supra*), extending the liability beyond four years carries it into the grammar grades, or junior high schools, so far as may be necessary, to connect the work of the local schools with the high school. The subjects taught in the lower schools are as much required for admission to college, etc., as those taught in high schools. All are within the language of the statute.

It is argued that this construction of the statute works injustice to the small towns in that it enables the scholars to go to larger towns at the public expense. But this contention leaves out of consideration

the provision that it is only in case of a failure to maintain a school of similar grade that liability attaches. The policy of these enactments is to provide an opportunity to receive a high school education to all the children in the state, to permit each town to provide it all or not as the town sees fit, and to charge tuition elsewhere only to those towns who do not furnish the required educational facilities.

The referee has found that the defendants do not maintain a school of a grade corresponding to that attended by the plaintiff's child, and the subjects taught are admittedly proper to be taken as a part of a high school education. The case is therefore one where the statute applies.

The statute provides that "the parent or guardian of such child shall notify the school board of the district in which he resides of the high school or academy which he has determined to attend." Laws 1901, *c.* 96, *s.* 1. It will be observed that there is no requirement of a notice that a claim for tuition will be made. All that is called for is a notice informing the school board what school has been selected. As the board had that knowledge in the present case, it is immaterial that they were not again informed of a fact which was already known to them.

The judgment should be against the school district. The word town as used in this connection means the town school district. *Union School District* v. *District*, 71 N. H. 269.

*Judgment for the plaintiff against the school district, and for the defendant town.*

All concurred.