The following resolution adapted by the Senate at the present session of the General Court on January 30 was received February 4, 1947:
"Whereas there is before the Senate a bill to increase the debt limit of the Newport School District to an amount in excess of two per cent of the assessed valuation of the District (Senate Bill No. 7, An act authorizing the Newport School District to issue Notes or Bonds): and
"Whereas it is possible that such legislation may be unnecessary in new of the provisions of paragraph I, Section 4, Chapter 51, Revised Laws; Section 1, Chapter 66, Revised Laws; and Section 7, (Chapter 72, Revised Laws: and
"Whereas it is important that the combined borrowing power of towns and school districts for school purposes be determined in advance of the enactment of legislation and the creation of municipal debt;
"Resolved that the Justices of the Supreme Court be respectfully request to give their opinion upon the following questions:
"1. Do towns possess the power, under the above-mentioned provisions of law or other statutes, to borrow money for the support of schools and to build and repair school houses, to an amount not exceeding three per cent of their last assessed valuation?
"2. If the answer to the first question is in the affirmative, may such borrowing power of towns be used in addition to the borrowing power of school districts, which cover identical territory, to borrow for school purposes to an amount not exceeding two per cent of their last assessed valuation, so that the combined borrowing power of a *Page 500 
town and its co-extensive school district for school purposes would be an amount not exceeding five per cent of the total assessed valuation of taxable property in such town.
"Further Resolved that the President of the Senate transmit a copy of these resolutions and of Senate Bill No. 7, to the Chief Justice of the Supreme Court for consideration by the Court."
The following answer was returned:
To the Honorable Senate:
The undersigned Justices of the Supreme Court have considered the inquiries presented by your resolution of January 30, and furnish this opinion in answer thereto.
I. R. L., c. 138, s. 1 provides that "the word town, whenever used in the statutes in connection with the government, administration, support or improvement of the public schools, shall mean district." This statute originally enacted by Laws 1909, c. 23, s. 1, was re-enacted without change in substance in the codification of the school laws (Laws 1921, c. 85, part IV, s. 1), the revision of the Public Laws (P.L., c. 119, s. 1) and the Revised Laws. This statute, together with R. L., c. 138, ss. 2-3 authorizing school districts to raise and hire money for all school purposes, gave school districts the status of corporations having "well-recognized, independent, corporate powers." Union School District v. District, 71 N.H. 269, 270. "Like towns, they are municipal corporations." Clough v. Osgood, 87 N.H. 444, 447. The same thought was expressed in Keene v. School District, 89 N.H. 477, 481: "The school district is a distinct municipality." Such has been the uniform construction of the laws relating to school districts: Ladd v. Higgins, ante, 212.
R. L., c. 138, s. 1 was first construed in Opinion of the Justices,75 N.H. 622, 623: "The intent thus shown by a consideration of both the text of the act and its title might have been more fully expressed in the text alone, by saying `the word town . . . shall be held to mean town school district.'" In that case it was held that the statute did not include special school districts and applied to town school districts only.
In the light of the statutory history and development of the control and regulation of public education, it is reasonably clear that the Legislature gave to the town school districts the powers formerly exercised by towns. Accordingly, we conclude that R. L., c. 51, s. 4, par. I is governed by R. L., c. 138, ss. 1-3 and that towns may not *Page 501 
borrow money for school purposes under present statutes. Such power resides in the school districts. The first inquiry is answered in the negative. This answer is limited to the application of the general laws governing towns and school districts. No opinion is expressed on the powers of cities, or of certain towns or special school districts to borrow money for school purposes which powers are specifically defined by charters or special legislation. See Holt v. Antrim, 64 N.H. 284; Toussaint v. Fogarty,80 N.H. 286; Laws 1945, c. 275.
II. In new of the above answer to your first question, no reply to the second question appears to be necessary.
 OLIVER W. BRANCH. FRANCIS W. JOHNSTON. FRANK R. KENISON. LAURENCE I. DUNCAN.
February 11, 1947.