EASTMAN, *Adm'r, v.* PROVIDENT MUTUAL RELIEF ASSOCIATION.

A sum payable by a relief association to the appointee of a deceased member is not a part of the member's estate, and cannot be recovered by his administrator as assets unless he is the appointee.

When the appointee is to be named in an entry on the member's certificate, or on a book of the association, and there is no such entry, parol evidence is not admissible in a suit-at-law to show to whom the member intended the benefit should be paid.

ASSUMPSIT, by the administrator of the estate of George H. Gigar, to recover $2,000 insurance on the life of the deceased. The defendants are a corporation chartered " for charitable and benevolent purposes, and furnishing relief and assistance by means of mutual agreements and payments of funds," and are authorized " to establish all by-laws and regulations which may be necessary to carry out the purposes of this act." One of the by-laws reads as follows :

" When a member dies the association shall pay, within sixty days, to his direction, as entered upon his certificate of membership, the sum of two thousand dollars. . . ."

The deceased was a member of the Subordinate Association No. 10, located at Tilton. He paid all fees, dues, and assessments to the time of his death, and was otherwise in good standing. He left many creditors, but no father, mother, brother, sister, nor, so far as known, any other relative. He held a membership certificate in common form, which, after reciting his admission, provided this : " In accordance with the provisions and laws governing said association, a sum not exceeding two thousand dollars will be paid by the association as a benefit, upon due notice of his death and the surrender of this certificate, to such person or persons as he may, by entry on the record-book of the association, or on the face of this certificate, direct said sum to be paid, provided he is in good standing when he dies." No person's name was entered on the record-book of the association or on the certificate, showing to whom the benefit should be paid. No question is made as to the proper notices of his death, nor that all proper demands and proofs have not been made according to the by-laws. No part of the benefit has been paid to the administrator or to any other person.

At the trial the defendants offered to show that the deceased had, for two years prior to his death, been engaged to be married to A. G. S.; that he said, at the time of making his application for membership, that he designed the benefit ultimately to be made payable to her, and that he afterwards frequently told her and others that he intended the benefit to be payable to her in case of his death, and this was repeated to her a short time before

his death.   The evidence was excluded, and the defendants excepted.

The plaintiff offered to show, by parol evidence, that the deceased omitted to insert any name as a beneficiary, with the intention of making the benefit of two thousand dollars payable to his administrator for the benefit of his estate.   The evidence was excluded, and the plaintiff excepted.

The court found the plaintiff entitled to recover, and the defendants excepted.

*W. D. Hardy* and *E. B. S. Sanborn*, for the plaintiff.

*C. C. Rogers*, *Barnard & Barnard*, and *S. B. Page*, for the defendants.

SMITH, J.   The defendants are a corporation organized for charitable and benevolent purposes.   These purposes, as described in their charter, are the "furnishing relief and assistance by means of mutual agreements and payments of funds."   Their object is more particularly defined in their by-laws to be "to secure to dependent and loved ones assistance and relief at the death of a member."   They resort to assessments for the procurement of the funds to discharge their mutual obligations, and are governed by by-laws which limit and define those obligations.   Such associations for the general purpose of mutual protection resemble life insurance companies, and are life insurance companies in substance.   May Ins. (2d ed.), s. 550; *Dennett v. Kirk*, 59 N. H. 10; *Smith v. Bullard*, 61 N. H. 381; *Commonwealth v. Wetherbee*, 105 Mass. 149; *State v. Society*, 72 Mo. 146.   But a beneficiary certificate differs considerably in its nature from the ordinary life insurance policy.   The latter is generally regarded as a debt payable by the company to the estate of the insured, and collectible at all events from the company by the legal representatives of the insured, or by parties named in the policy.   Hirschl Law of Fraternities, s. 8.

The defendants' contract bound them to pay a sum not exceeding $2,000 as a benefit, upon due notice of the death of the plaintiff's intestate and the surrender of his certificate of membership, to such person or persons as he might, by entry on the record-book of the association or on the face of his certificate, direct the sum to be paid.   Does the neglect of the holder of the certificate to designate a beneficiary in the manner specified absolve the association from the payment of the benefit?   The charter, by-laws, and certificate of membership taken together show what was the understanding of the parties.   It was no part of the object of the association to provide a fund for the payment of a deceased member's debts, however meritorious such purpose might be; nor, as in this case, where there are no heirs, and the claims of creditors are less than the amount of the benefit, that the benefit should escheat

to the state.   The designation in the certificate of one class,—such person or persons as Gigar should appoint,—excludes the other classes—heirs, creditors, &c.   The certificate was neither payable to the deceased, nor to his administrator, assigns, heirs, estate, or legal representatives.   The defendants promised to pay the benefit to no one save such person or persons as Gigar should direct by entry upon the certificate or record-book.   By the contract he had the mere power of appointing the person who should receive the benefit.   He was bound by the rules of the association, and could not change the beneficiary in a way not in conformity with them.   *Kentucky Masonic Mut. Ins. Co.* v. *Miller's Adm'r*, 13 Bush 494.   Why he did not exercise his power of appointment it is unnecessary to inquire.   He may not have decided in his mind who should receive it.   He may have intended that his associate members should not be called upon to contribute the sums required to fulfil his contract with the association.   The presumption is, that he intended not to do what he omitted to do.   *Worley* v. *Association*, 3 M'Crary 53—*S. C.*, 10 Fed. Rep. 227.   He had no pecuniary interest in his membership, and his personal representative, as such, can take no interest in it after his death.   The benefit is not assets, for if the administrator can collect the money, it must go primarily to Gigar's creditors.   The charter, by-laws, and certificate show that neither party had any such understanding.   If he had exercised the power of appointment, his administrator could not maintain a suit to recover the money; and his neglect to exercise it does not give the administrator the power.   There being no contract to pay to the deceased or to his legal representative, there is no breach.   In *Worley* v. *Association, supra*, upon a similar state of facts, it was held that the administrator of the assured could not recover.   *McClure* v. *Johnson*, 56 Iowa 620, decides that where a life policy by its terms is payable to a person other than the assured or his representatives, the payee cannot by will make a different disposition of the fund from that directed by the policy.   A mere power of appointment, which is not exercised prior to the death of the beneficiary in the manner specified, becomes inoperative, and the company or association is not bound to pay to any one.   *Maryland Mut. Benev. Soc.* v. *Clendinen*, 44 Md. 429.

The evidence offered as to Gigar's intention as to whom the money should be made payable was inadmissible to vary the construction of the certificate, and was insufficient to constitute a trust.   *Wason* v. *Colburn*, 99 Mass. 342.

*Case discharged.*

ALLEN and CLARK, JJ., did not sit: the others concurred.