CITY SAVINGS BANK v. WHITTLE & a.

The beneficial interest in a policy of insurance procured by a father on his life, for the benefit of and payable to his minor son, vests in the son upon the delivery of the policy, and a subsequent assignment of the policy by the father as security for his own debt conveys no title. If the son joins in the assignment he may avoid it, but he must pay the assignee the premiums necessarily paid by him to keep the policy in force while it was rightfully in his possession.

Damages may be apportioned among several defendants by separate judgments, if justice will be done by such procedure.

ASSUMPSIT, to recover the amount of a note for $2,500, signed by the defendants, Joshua F. Whittle and Harry F. Whittle, dated March 6, 1877; and also three sums paid by the plaintiffs at different times for premiums on a policy for $5,000 in the Home Life Insurance Company on the life of J. F. Whittle, amounting to $276.90. This policy was an endowment policy which became due in 1880, procured by J. F. Whittle for the benefit of H. F. Whittle, who was his son, and made payable to the son. Joshua F. was defaulted. Harry F., who was an infant at the time the note was given, pleaded infancy. He signed the note at his father's request, as surety, and never received any of the money, nor any benefit from it. At the time the note was given, Harry F. executed to the bank an assignment, in writing, under seal, of all his right, title, and interest in the policy, as collateral security for the payment of the note; and at the same time Joshua F., by a like instrument, in which he recited, among other things, that he had always considered the policy to be his property, subject to his control and disposal, having been so informed by the agent who took his application for the policy, and for the further reasons that the policy was taken without the knowledge of the son, that the premiums had been entirely paid by him, also assigned all his right and interest in the policy to the bank as collateral security for the note. The bank held the policy and the foregoing assignments at the time the policy fell due.

After the above assignments, Joshua F. received notice of the several premiums mentioned in the specification at their respective dates, and requested the plaintiffs to pay them, and they were paid by the plaintiffs at his request, of which Harry F. had no knowledge. November 17, 1880, William T. Parker, the trustee in this suit, having been appointed guardian of Harry F., received the policy from the bank, giving an accountable receipt for the same; and November 20, 1880, Parker received from the insurance company $3,726.04 in payment of the policy. At the request of the officers of the bank, Parker inquired of his ward if he would permit him to pay the plaintiffs' claim from the money. He declined,

claiming the money as his. Harry F. became of age about eight months before this suit was brought; but he has never affirmed the assignment, or promised to pay the plaintiffs' demand, since the note was given. Facts found by the court.

*C. H. Burns*, for the plaintiffs.

*E. E. Parker* and *A. F. Stevens*, for the defendants.

CLARK, J. As H. F. Whittle signed the note as surety, and received no benefit from it, his plea of infancy is a defence to the note. The beneficial interest in the life insurance policy procured for his benefit, and made payable to him, became vested in him when the policy was issued. *Kimball* v. *Gilman*, 60 N. H. 54; *Stokell* v. *Kimball*, 59 N. H. 13; *Bowers* v. *Parker*, 58 N. H. 565; May Insurance, *s.* 392. His father's assignment gave the bank no title to the proceeds of the policy. The minor's assignment, though voidable, was valid until it was disaffirmed by him. The bank was rightfully in possession of the policy, and the assignment was an implied request and authority to do what was necessary to keep it in force and protect the insurance. The payment of the premiums by the bank, necessary to keep the policy on foot, was by the implied request and authority of H. F. Whittle and for his benefit, and may be treated as made in his behalf; and by claiming and receiving the benefit of the payments, he ratified them and became liable to the bank therefor. *Unity Association* v. *Dugan*, 118 Mass. 219; *Hall* v. *Butterfield*, 59 N. H. 354; *Bartlett* v. *Bailey*, 59 N. H. 408.

The plaintiff can have judgment against both defendants for the amount of the premiums paid and costs; and the trustee is chargeable for that amount. The plaintiff can also have judgment against J. F. Whittle for the amount due on the note without costs. *Cole* v. *Gilford*, *ante* 60; *Chauncy* v. *Insurance Co.*, 60 N. H. 428.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.