### KNIGHTS OF HONOR v. WATSON & a.

The beneficiaries appointed by the holder of a certificate in a mutual benefit association, payable on his death according to his direction, acquire only a contingent interest in the benefit, if the constitution of

the· association reserves to members the power of substituting other beneficiaries in the place of those originally named.

A waiver by the association of any right it may have to insist on a lapse of one of the sums directed to be paid on a certificate, on account of an invalid exercise of the power of direction, does not enable the other beneficiaries appointed by the holder to assert a claim to such sum.

BILL OF INTERPLEADER, by a mutual benefit association, to determine to whom a benefit of $2,000 accruing on the death of Frank P. Watson, a member of the association, should be paid, and particularly whether Mrs. May Lamprey, one of the defendants, is entitled to receive $250, part of the $2,000.

*E. A. & C. B. Hibbard*, for Mrs. Lamprey.

*Jewell & Stone*, for the other defendants.

SMITH, J.   January 2, 1878, Frank P. Watson received from Aurora Lodge, No. 708, of Knights of Honor, a local lodge of that organization established at Laconia, of which he was a member, a benefit certificate for the sum of $2,000, payable to Fred C. Watson, one of the defendants.   The constitution of the supreme lodge at that time authorized the issuing of a benefit certificate, payable on the death of the member to his family, or as he might direct.   In 1881 the supreme lodge called in all certificates issued by local lodges.   F. P. Watson surrendered his certificate, and received a new one for the same amount dated February 15, 1883, payable to Mrs. Lamprey, and to three of the other defendants in the sum of $500 each.   In November, 1886, Watson surrendered the second certificate, and directed that a new one be issued to him payable as follows: To C. B. S. Watson $750, to Mercy Watson $500, to Fred C. Watson, Hattie Watson, and Mrs. Lamprey $250 each.   November 22, 1886, the certificate in controversy was issued, payable as directed.   In 1884 the constitution was changed so as to authorize the issuing of a certificate to a member payable "to some⁄member or members of his family or person or persons dependent on him, as he may direct or designate by name, to be paid as provided by general law."   Mrs. Lamprey was not a member of F. P. Watson's family, nor in any way related to or dependent upon him.   C. B. S. Watson and Mercy Watson were his parents, and cared for him during his last sickness, in their family, a period of two years.   Fred C. Watson was his brother, and Hattie H. was the wife of Fred C.   The plaintiffs had no knowledge that Mrs. Lamprey was not a member of F. P. Watson's family, nor that she was not dependent upon him at the time of issuing the last certificate.

The plaintiffs have paid the sum of $2,000 into court, and the defendants litigate the question of its disposition.

No such interest vested in the beneficiaries named in the first and second certificates issued to F. P. Watson as prevented him from surrendering the same for one payable to others. Under the plaintiffs' constitution, the power of direction as to the object of the benefit made payable in the certificate of membership did not need to be exercised at the time Watson became a member, and when exercised the power was not exhausted, so that another beneficiary could not be substituted. The beneficiaries named in the first and second certificates acquired only a contingent interest which Watson had the power to defeat, and did defeat, by exercising the power of substitution in the appointment of the beneficiaries named in the last certificate. *Barton* v. *Provident Mutual Relief Association*, 63 N. H. 535. The power of selection being unlimited as to persons, and limited as to time only by the death of the member, the beneficial interest did not vest irrevocably in the beneficiaries as it does when the power of substitution is not reserved. *Bank* v. *Whittle*, 63 N. H. 587.

Whether Mrs. Lamprey is entitled to the benefit of $250 payable to her by the last certificate is a question in which the other defendants have no interest. In no event are they entitled to it. They can receive no more than the sums made payable to them respectively. If the direction by which the sum of $250 was made payable to Mrs. Lamprey was invalid because she was neither a member of F. P. Watson's family nor dependent upon him, the benefit to that extent lapses, if the plaintiffs so elect, for want of a valid exercise of the power of direction. But the question whether it was valid can be raised by no one but the plaintiffs, and they do not raise it. *Brown* v. *Mansur*, 64 N. H. 39. By paying the money into court they have expressed their willingness to have it paid to Mrs. Lamprey. The money does not belong to Watson's administrator, nor to his heirs. *Eastman* v. *Association*, 62 N. H.     As the plaintiffs promised to pay her that sum, and do not object to paying it, and no other person has the right to object, or any interest in the money, she is entitled to a decree that it be paid to her.

It is contended by the other defendants that the money directed to be paid to Mrs. Lamprey should be distributed *pro rata* to them by virtue of *s.* 6, *art.* 9, of the plaintiffs' constitution, which directs the whole benefit to be paid *pro rata* to the surviving beneficiaries in the event of the death of one of them before that of the member. They also call attention to *s.* 7, *art.* 9, which directs the benefit to be paid to the heirs of the member in the event of the death of all of the beneficiaries before that of the member; and it is claimed that Mrs. Lamprey, "for the purposes of this case, may be considered as not in existence, or as dead." We do not see the application of these sections to the case. All the persons named as beneficiaries are alive.

A decree will be entered up at the trial term directing the pay-

ment of the benefit with the interest that may have accrued thereon to the several defendants in the proportions named in the certificate.

*Case.discharged.*

ALLEN, J., did not sit: the others concurred.