Rice et al v. Wal-Mart Stores et al   CV-02-390-B   09/30/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Vicki Rice, et al.**

   **v.**                              Civil No. 02-390-B
                                       Opinion No. 2003 DNH 166
**Wal-Mart Stores, Inc., et al.**


## MEMORANDUM AND ORDER

Vicki Rice and Patricia Keenan, the widows of former employees of Wal-Mart Stores, Inc., have brought this class action challenging a program in which Wal-Mart purchased corporate-owned life insurance ("COLI") policies on the lives of more than a thousand of its rank-and-file employees in New Hampshire. Plaintiffs characterize Wal-Mart's program as an illegal investment and tax avoidance scheme which Wal-Mart implemented by using its employees' names and confidential medical information without their knowledge or consent.

Plaintiffs have sued Wal-Mart, a trust created by Wal-Mart to implement the COLI program, and one of the insurers who issued the policies on behalf of a class of "[a]ll New Hampshire citizens (or the estates of such citizens) whose lives were

insured by COLI policies issued by AIG Life Insurance Company or Hartford Life Insurance Company to Wal-Mart Stores, Inc." Sec. Am. Compl. ¶ 31. They seek to recover any life insurance benefits that were paid to Wal-Mart under the program, any premiums paid to the insurer and any damages that class members suffered as a result of Wal-Mart's use of their names and confidential medical information.

The defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## I.   BACKGROUND[1]

Michael Rice and Robert Keenan were among more than a thousand rank-and-file Wal-Mart employees in New Hampshire who were insured by COLI policies purchased by Wal-Mart during the 1990s. Wal-Mart used the names and confidential medical information of its employees to purchase the policies without their knowledge or consent. When an employee insured under a

---

[1] As is required by Fed. R. Civ. P. 12(b)(6), the following facts are described in a light most favorable to the nonmoving parties, in this case, the plaintiffs. See Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989).

COLI policies died, the benefits due under the policy were paid to Wal-Mart rather than the insured employee's estate.

Rice worked as an employee for Wal-Mart for ten years prior to his death in 1999. In 1998 and 1999, he worked as a manager in its Hooksett, Tilton, and Concord, New Hampshire stores. Keenan died in 1995. For last years of his life, he was a maintenance worker at Wal-Mart's Somersworth, New Hampshire store. Wal-Mart received $169,939 in benefits on the policy it purchased on Rice's life and $381,658 in benefits on the policy it purchased on Keenan's life.

## II.  ANALYSIS

Plaintiffs claim that they are entitled to a declaratory judgment that Wal-Mart lacked an insurable interest in the lives of any class member.[2]  They also charge Wal-Mart and the other

---

[2]  Plaintiffs initially sought three declarations: (1) Wal-Mart at no time had an insurable interest in the lives of Michael Rice or Robert Keenan or any employee insured by the COLI scheme; (2) the proceeds of the COLI policies are payable to the estates and survivors of the employees insured; and (3) at all relevant times, the plaintiffs and employees insured by the COLI scheme have been the rightful owners of the policies insuring their lives. Sec. Am. Compl. ¶ 36a-c. They have since abandoned their second and third requests. See Pls.' Obj. to Hartford Life's Mot. to Dismiss at 17.

defendants with: breach of contract, commercial appropriation, intrusion upon seclusion, breach of fiduciary duty, intentional infliction of emotional distress, unjust enrichment and civil conspiracy.

I examine defendants' challenge to each of these claims in turn.

## A.    Declaratory Judgment (Count I)

Plaintiffs claim that they are entitled to a declaratory judgment that Wal-Mart lacked an insurable interest in the lives of any class member who was insured under the COLI program.  I disagree.

New Hampshire embraces the majority rule that "only the insurer can raise the object of want of insurable interest." Couch on Insurance, 3 Couch § 41:5; see Knights of Honor v. Watson, 64 N.H. 517 (1888); Brown v. Mansur, 64 N.H. 39 (1886). Because plaintiffs are clearly not insurers, they do not have the ability to raise such a challenge.  As such, they may not obtain a declaration that Wal-Mart did not have an insurable interest in the lives of its insured employees.  Nor may they, on this basis, state a claim to any benefits paid to Wal-Mart under the policies.  I thus grant Hartford Life's motion to dismiss as to

plaintiffs' request for a declaratory judgment.

**B.    Breach of Contract Claim (Count II)**

Plaintiffs contend that Wal-Mart breached the implied duty of good faith that is "inherent in the employment relationship" when it used Robert Keenan and Michael Rice's names and other confidential information to purchase COLI policies on their lives.  Pls.' Obj. to Def. Wal-Mart's Mot. to Dismiss at 4.  Wal-Mart moves to dismiss arguing that plaintiffs' claim fails as a matter of law because they have not alleged facts "that even remotely suggest that Wal-Mart denied Michael Rice or Robert Keenan an essential benefit of their employment."  Def. Wal-Mart's Mot. to Dismiss at 6 (citing Centronics Corp. v. Genicom Corp., 132 N.H. 133 (1989)).

Robert Keenan and Michael Rice were at-will employees, a fact plaintiffs do not dispute.  In exchange for their work, Wal-Mart promised Keenan and Rice salary and benefits.  Sec. Am. Compl. ¶ 40.  Plaintiffs do not allege that the COLI policies contravened Wal-Mart's duty to pay their salary or benefits. Thus, the conduct plaintiffs allege resulted in the breach was "wholly independent of any obligation [Wal-Mart] may have owed its at-will employees."  Def. Wal-Mart's Mot. to Dismiss at 6.

Although Wal-Mart's COLI program may have exposed it to liability on a tort theory, it did not violate Wal-Mart's contractual duties to its employees. See Centronics, 132 N.H. at 137; see also White v. Ransmeier & Spellman, 950 F.Supp. 39, 42 (D.N.H. 1996). As such, I grant Wal-Mart's motion to dismiss plaintiffs' breach of contract claim.

## C. Commercial Appropriation (Count III)

In Remsberg v. Docusearch, Inc., 149 N.H. 148, 157-58 (2003), the New Hampshire Supreme Court recognized a cause of action for commercial appropriation. Id. (citing Restatement (Second) of Torts § 652C cmt. a (1977)). In doing so, however, the court noted that "[a]ppropriation is not actionable if the person's name or likeness is published for 'purposes other than taking advantage of [the person's] reputation, prestige or other value' associated with the person." Id. at 158 (quoting Restatement (Second) of Torts § 652C cmt. d). Thus, the court declined to recognize a claim for commercial appropriation against an information broker who sold the plaintiff's social security number and business address to a third party because

> [a]n investigator who sells personal
> information sells the information for the
> value of the information itself, not to take
> advantage of the person's reputation or

> prestige. The investigator does not capitalize upon the good will value associated with the information but rather upon the client's willingness to pay for the information. In other words, the benefit derived from the sale in no way relates to the social or commercial standing of the person whose information is sold.

Id.

Remsburg destroys plaintiffs commercial appropriation claim because Wal-Mart did not exploit either Rice's or Keenan's reputations or prestige when it purchased COLI policies in their names. Instead, it merely used their status as employees to purchase insurance policies on their lives. This is not the kind of conduct that gives rise to a viable commercial appropriation claim.

## D.  **Intrusion Upon Seclusion** (Count IV)

A viable claim for intrusion upon seclusion requires that the intrusion "relate to something secret, secluded or private pertaining to the plaintiff[s]." Remsburg, 149 N.H. at 157 (citing Fischer v. Hooper, 143 N.H. 585, 590 (1999)); see Hamberger v. Eastman, 106 N.H. 107, 111 (1964). In addition, defendants' conduct must be such that they "should have realized that it would be offensive to persons of ordinary sensibilities." Remsberg, 149 N.H. at 157.

Defendants argue that plaintiffs do not state a viable claim for intrusion upon seclusion because the information obtained was not "secret, secluded or private." At this stage, however, I must take the statements plaintiffs aver in their complaint as true. Plaintiffs have clearly alleged that Wal-Mart obtained and used "confidential health and other information" concerning both Rice and Keenan to purchase COLI policies on their lives. Sec. Am. Compl. ¶ 51. As such, I reject defendants' challenge to plaintiffs' intrusion upon seclusion claim on this basis.

Defendants also argue that plaintiffs' claim fails because plaintiffs' medical information was not confidential because plaintiffs voluntarily gave Wal-Mart the information in their personnel files. I disagree. Simply because plaintiffs voluntarily provided Wal-Mart with confidential information does not permit Wal-Mart to use that information however it desires without potentially intruding upon the privacy rights of its employees. See Remsburg, 149 N.H. at 156-57 (a fact-finder should consider a variety of factors in determining whether an intrusion would be offensive to a person of ordinary sensibilities including "the degree of intrusion, context, conduct and circumstances surrounding the intrusion as well as the intruder's

motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." (internal quotation omitted)). Accordingly, I deny Wal-Mart and Wal-Mart Trust's motion to dismiss as to plaintiffs' claim for intrusion upon seclusion.

Hartford Life puts forth an additional argument pertaining exclusively to it which I find persuasive. Citing Karch v. BayBank, 147 N.H. 525 (2002), Hartford Life argues that because it received Keenan's and Rice's information from Wal-Mart, it did not engage in the intrusion itself and it cannot be held liable for any potential intrusion by Wal-Mart. In Karch, the New Hampshire Supreme Court held that a passive party who received private information could not be held liable for intrusion upon seclusion because the passive party did not engage in the actual intrusion. See Karch, 147 N.H. at 534-35. The present case is controlled by Karch. Accordingly, I dismiss plaintiffs' intrusion upon seclusion claim as it pertains to defendant Hartford Life.

## E.   Breach of Fiduciary Duty (Count VI)

Plaintiffs allege that Wal-Mart owed a fiduciary duty to Michael Rice and Robert Keenan, "both of whom reposed in Wal-Mart

confidential personal and medical information." Sec. Am. Compl. ¶ 65. Wal-Mart breached that fiduciary duty, plaintiffs argue, by taking advantage of personal and confidential medical information to purchase COLI policies. Under New Hampshire law, a fiduciary relationship exists when "there has been a special confidence reposed in one who, in equity and in good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence." Lash v. Cheshire County Sav. Bank, 124 N.H. 435, 439 (1984) (internal quotation omitted). "A fiduciary relationship does not depend upon some technical relation created by, or defined in, law." Schneider v. Plymouth State Coll., 144 N.H. 458, 462 (1999) (quoting Lash, 124 N.H. at 439).

Wal-Mart argues, citing Cornwell v. Cornwell, 116 N.H. 205, 209 (1976), that this claim should be dismissed because plaintiffs have not established that a fiduciary relationship existed between it and either Michael Rice or Robert Keenan. I reject this argument. Plaintiffs allege that Michael Rice and Robert Keenan gave confidential and personal information to Wal-Mart. They further allege that Wal-Mart was "in the role of a moral person, required to respect the trust Michael Rice and

-10-

Robert Keenan placed in [it]." Sec. Am. Compl. ¶ 66. Lastly, plaintiffs clearly state that Wal-Mart abused its relationship by misusing their personal and confidential information to obtain the COLI policies. Sec. Am. Compl. ¶ 67. This is sufficient, if true, to support a breach of fiduciary duty claim.

Wal-Mart also argues that plaintiffs' breach of fiduciary duty claim should be dismissed because "plaintiffs have not alleged any harm or damage as a result of Wal-Mart insuring the lives of Michael Rice or Robert Keenan." Def. Wal-Mart's Mot. to Dismiss at 7. I disagree. It is sufficient, at least at this stage, that plaintiffs allege that Wal-Mart profited when it breached its fiduciary duty to Robert Keenan and Michael Rice and that they were injured as a result. See Cornwell, 116 N.H. at 208-09 (commenting on the trend to allow fiduciary duty claim to prevent unjust enrichment). Accordingly, I deny Wal-Mart's motion to dismiss plaintiffs' breach of fiduciary duty claim.

## F. Intentional Infliction of Emotional Distress (Count IX)

Plaintiffs allege that they were "shocked, outraged and severely distressed" when they learned that Wal-Mart had purchased COLI policies on their husbands' lives. Sec. Am. Compl. ¶ 83, 85. In order for plaintiffs' intentional infliction

of emotional distress claim to survive defendants' motion to dismiss, they must allege facts sufficient to permit an inference that defendants "by extreme or outrageous conduct intentionally or recklessly cause[d] severe emotional distress." Morancy v. Morancy, 134 N.H. 493, 495-96 (1991)(citing Restatement (Second) of Torts § 46 (1965)); Konefal v. Hollis/Brookline Coop. Sch. Dist., 143 N.H. 256, 260 (1998). Plaintiffs utterly fail to allege the kind of intentional or reckless behavior warranting the imposition of liability. See Konefal, 143 N.H. at 260. As such, I dismiss plaintiffs' claim for intentional infliction of emotional distress against all defendants.

## G.   Unjust Enrichment (Count VII)

Plaintiffs allege that all defendants have been unjustly enriched as a result of the COLI scheme. Specifically, they contend that Wal-Mart and Hartford Life "made use of confidential health information to obtain life insurance benefits and tax advantages that the defendants knew or should have known were unlawful, without the knowledge or consent of Michael Rice and Robert Keenan." Sec. Am. Compl. ¶ 70. In addition, plaintiffs aver that by engaging in the COLI scheme to insure the lives of employees in the absence of an insurable interest, "the

defendants unjustly obtained a benefit which it would be unconscionable to allow them to retain." Sec. Am. Compl. ¶ 71.

Under New Hampshire common law, "the doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity." Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 64 (1st Cir. 2001)(citing Cohen v. Frank Developers, 118 N.H. 512, 518 (1978)). In order for me to find that a defendant was unjustly enriched, I must determine that "the defendant 'received a benefit and it would be unconscionable for the defendant to retain that benefit.'" Invest Almaz, 243 F.3d at 64 (quoting Nat'l Employment Serv. Corp. v. Olsten Staffing Serv., Inc., 145 N.H. 158, 163 (2000)). Defendants challenge plaintiffs' unjust enrichment claim by arguing that plaintiffs never conferred any benefit on any of them that would be unjust for them to retain. Plaintiffs contend that although they did not confer a benefit on the defendants, they are liable because they "took the benefit" from plaintiffs without their knowledge or consent. At this stage, plaintiffs have sufficiently alleged that the defendants have "profit[ed] or enrich[ed] [themselves] at the expense of [plaintiffs]." Cohen, 118 N.H. at 518. As such, I deny Wal-Mart

and Wal-Mart Trust's motion to dismiss as to plaintiffs' unjust enrichment claim.

Hartford Life makes additional arguments in its motion to dismiss. First, it claims that "there is no support for the theory that an <u>insurer</u> is liable if the beneficiary of a life insurance policy lacks an insurable interest in the person whose life is insured." Hartford Life's Mot. to Dismiss at 15. Second, it argues that plaintiffs fail to support their assertion that they knew or should have known that Wal-Mart had no insurable interest in Michael Rice. I reject Hartford Life's arguments. First, determining whether Wal-Mart had an insurable interest in the lives of the insured employees involves a fact-sensitive inquiry which is not proper at this stage of the proceedings. Second, plaintiffs do allege that Hartford Life "knew or should have known" that Wal-Mart lacked an insurable interest in the lives of its employees. Sec. Am. Compl. ¶ 70. This statement is sufficient to link Hartford Life to the potential unjust enrichment.

For the forgoing reasons, I deny all defendants' motions to dismiss as to plaintiffs' unjust enrichment claim.

**H.   Civil Conspiracy (Count V)**

"A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose." Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987) (internal quotation omitted).  The elements of civil conspiracy are: (1) two or more persons (including corporations); (2) an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means; (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; (5) damages proximately resulting from the acts.  Id.  The function, under New Hampshire law, of a civil conspiracy claim is to act as a "device through which vicarious liability for the underlying tort may be imposed on all who commonly plan . . . the wrongdoers' acts." Univ. Sys. of N.H. v. U.S. Gypsum Co., 756 F.Supp. 640, 652 (D.N.H. 1991).

Plaintiffs allege that, by using confidential medical information to engage in a COLI scheme, defendants agreed to an unlawful objective.  Sec. Am. Compl. ¶ 63.  Defendants respond by claiming that plaintiffs' civil conspiracy claim fails because civil conspiracy is not an independent cause of action and plaintiffs have failed to properly plead an underlying actionable

-15-

wrong.  See University Sys. of N.H., 765 F.Supp. at 652.  Because I have already determined that plaintiffs have sufficiently pleaded a cause of action for intrusion upon seclusion against Wal-Mart, a viable underlying tort claim exists to sustain plaintiffs' civil conspiracy claim.[3]

Because I find plaintiffs have sufficiently pleaded the elements of civil conspiracy, their claim withstands defendants' motion to dismiss.


## III.  CONCLUSION

I grant Wal-Mart and Wal-Mart Trust's motion to dismiss, in part and deny it in part. (Doc. No. 30).  I also grant Hartford Life's motion to dismiss in part and deny it in part.  (Doc. No. 31).  By way of summary, plaintiffs' claims are now as follows:

---

[3]  Wal-Mart also argues that plaintiffs have failed to allege that defendants exercised "some peculiar power of coercion" over them. Carroll v. Xerox Corp., 294 F.3d 231, 243 (1st Cir. 2002).  In Carroll, the First Circuit interpreted Massachusetts' law of civil conspiracy and Wal-Mart fails to point to a single New Hampshire case requiring a plaintiff to plead "some peculiar power of coercion." Id.  As such, I reject Wal-Mart's argument.

| Count | Wal-Mart, Wal-Mart Trust | 'Hartford Life |
|---|---|---|
| Count I: Declaratory Relief | Wal-Mart did not move to dismiss this count | Granted as modified by plaintiffs' clarification. |
| Count II: Breach of Contract | Granted | Not applicable |
| Count III: Commercial Appropriation | Granted | Granted |
| Count IV: Intrusion Upon Seclusion | Denied | Granted |
| Count V: Civil Conspiracy | Denied | Denied |
| Count VI: Breach of Fiduciary Duty | Denied | Not applicable |
| Count VII: Unjust Enrichment | Denied | Denied |
| Count VIII: Unfair Trade Practices | Stipulated dismissal | Stipulated dismissal |
| Count IX: Intentional Infliction of Emotional Distress | Granted | Granted |

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

September 30, 2003

cc: David P. Slawsky, Esq.
William Pandolph, Esq.
Jeffrey Moss, Esq.
Paul Fischer, Esq.
Paul Hodes, Esq.
W. Michael Dunn, Esq.
Barry Chasnoff, Esq.